JAMES DUVALL v. H. H. ROLLINS.

A, to whom certain articles of personal property has been allotted as his person-
al property ;exemption, sold and transferred the same to B for a valuable
consideration; afterwards, the articles having been seized by a constable
under an attachment against A's property, B rescinds his contract with A,
and the property was sold by the officer: *Held*, That in a suit against the
officer, A, the plaintiff had a right to recover the value of the property at the
time of its seizure.

CIVIL ACTION, for the recovery of certain personal prop-
erty, claimed as a part of plaintiff's homestead exemption,
tried before *Mitchell, J.*, at the Spring Term, 1872, of the
Superior Court of ASHE county.

Under the instructions of his Honor, on the trial in the
Superior Court, the jury returned a verdict for the defend-
ant. Motion for a new trial. Motion refused. Judgment
and appeal by plaintiff.

The facts in the case are fully set out in the opinion of
the Court.

*Todd* and *Caldwell*, for appellant.
*Folk*, contra.

BOYDEN, J. This case involves a new question touching
the plaintiff's personal property exemption. It is agreed
that the property in dispute had been the property of plain-
tiff, and that on the 5th of October, 1870, the plaintiff sold

and transferred the property in controversy to one Aker, his son-in-law, upon the consideration that his said son-in-law should support the plaintiff, who is an old man, and plaintiff's wife, during their declining years, and also pay off the plaintiff's debts, as soon as he could. That about the 25th day of October, 1870, the sheriff of said county, having executions against the plaintiff, at plaintiff's instance summoned three freeholders, and the property now in dispute was laid off to the plaintiff and due return thereof made. On the 24th of December, 1870, the defendant, who was a constable, levied several attachments upon the property thus laid off, as plaintiff's personal exemption which attachments were regularly issued against the property of the plaintiff, and judgments obtained against the plaintiff on said attachments on the 24th of December, 1870, and that plaintiff appeared before the justice at the time the judgments were rendered; and that at the time the judgments were rendered, Aker, the son-in-law, appeared before the justice, and in the presence of the plaintiff claimed the property in dispute, and made an affidavit that he was the owner of the property, the plaintiff making no objections to such claim. The justice, notwithstanding this claim of Aker, condemned the property so taken to be sold and applied to pay off the judgments rendered on said attachments. After said judgments were rendered on the attachments and before the day of sale, Aker, being unwilling to engage in litigation, rescinded the contract for the property with the plaintiff as before recited, and thereafter the defendant sold the said property at public auction under the *venditioni exponas*, issued upon the judgments rendered on said attachments, the plaintiff being present at the said sale, and objecting to the sale, and claiming the property as his personal exemption; the plaintiff, as the case states, being a resident of the State. And it is further stated, as agreed, that the debts upon which the attachments issued

were neither laborers' liens, nor mechanics' liens, nor purchase money for lands. So the question is, had the defendant a right to seize this property under these attachments, and sell the same under the executions issuing on the judgments rendered on those attachments? There is no ground set up by the defendant, as we understand his defence, that has any tendency to justify the original seizure of this property, under the attachments, so that at all events the plaintiff would be entitled to recover nominal damages at least, and, as we think, damages for the detention until the alleged transfer of the property to Aker.

The defence set up by the defendant is, that while the constable had this property in his custody under the attachments as the property of the plaintiff, the plaintiff could not acquire the interest of Aker therein by rescinding and recanting the trade as above mentioned, "that Aker had nothing but a right of action and a right of reception left." This he might grant or release to defendant, but could not assign to a stranger by the common or statute law. "What is called a recision of the contract, between the plaintiff and his son-in-law, could not transfer the property in the chattels to the plaintiff, because they were in the adverse possession of the defendant, and the right of action he could not assign." In the first place it may be remarked that the defendant's counsel is mistaken in supposing that the possession of the constable was adverse; so far from being adverse, the constable had seized this very property as the property of the plaintiff, and was holding as his property for the purpose of satisfying the executions in his hands against the plaintiff. So that the reason urged against the right of the plaintiff and his son-in-law, to rescind the contract and re-invest the property in the plaintiff, failing, his supposed law, as applying to this case, also fails. Hence, we think it clear that the plaintiff is entitled to recover the value of the property against the defendant. But as the

case agreed does not state the value of the property converted, no judgment can be given in this Court. There must be an inquiry by a jury below to ascertain the damages to which the plaintiff is entitled.

There is error.

PER CURIAM.                    Judgment accordingly.