WILLIAM SPOON and others v. GEORGE W. REID and others.

*Homestead—Fraudulent Conveyance —Practice—Allotment of Homestead.*

1. Where a debtor had conveyed the tract of land upon which he lived in fraud of creditors, and afterwards the Sheriff set apart to him under execution two other tracts of land as a homestead and sold the home tract, and the purchaser acquired possession thereof ; *Held* in an action by the debtor to recover possession of the home tract as a homestead, that he was not entitled to recover.

   Nor would he have been entitled to recover if the home tract had not been fraudulently conveyed or conveyed at all.

2. An allotment of homestead under execution, without exception or appeal by the debtor, is an estoppel of record against him.

CIVIL ACTION for Possession of Land, tried at Spring Term, 1877, of RANDOLPH Superior Court, before *Cox, J.*

The plaintiff owned a tract of land on which he lived, and two other small tracts not connected therewith. He conveyed the tract on which he lived to his daughter to defraud his creditors. A creditor sued him, got judgment, the Sheriff had his homestead laid off in the two small tracts, levied on the home tract as excess over the homestead,

sold the same, and title from the sale came to the defendant, who sued the plaintiff and recovered possession. The plaintiff brings this action to recover the home place upon the ground that he is entitled to a homestead therein.

Under the instructions of the Court, the jury rendered a verdict for the plaintiffs. Judgment. Appeal by defendants.

*Mr. J. A. Gilmer,* for plaintiff.
*Messrs. A. W. Tourgee* and *J. N. Staples,* for defendant.

READE, J. (After stating the case as above.) The statement shows that he ought not to have it, yet the homestead law has so much favor, that the grossest frauds are practiced in its name without shame.

Without affecting the conclusion at which we have arrived, it may be conceded that he had never conveyed his home place in fraud, nor at all, but that he owned it and lived upon it at the time of the levy and sale, and yet he could not recover; for when the allotment was made to him in the other two tracts by the Sheriff's appraisers, and he took no exception thereto and no appeal therefrom, and disclaimed title to the home place and claimed no homestead therein, he assented to and was bound by the allotment; and the same is an estoppel of record against him. He has his homestead regularly allotted to him; and having that, he cannot claim another. Let him not trifle with the law.

The plaintiff's claim is founded upon the idea, that an allotment of homestead which does not embrace the home place or house in which he lived, is a nullity, and that therefore he is not estopped by the allotment in this case. But that is not so. Surely the Sheriff is not obliged to lay off to a defendant the house in which he lives, if it is not his property. Nor is it proper for him to do it if the defendant disclaims property, although he might not be bound by his disclaimer, and might subsequently claim it. So the Con-

stitution provides that "in lieu of" the dwelling, "any lot, in a city, town or village, at the option of the owner," may be allotted. And when he disclaims title to the dwelling and his homestead is laid off in the only land that he does claim, and he makes no exception thereto, then it is "in lieu of the dwelling" and is "at his option," tacitly if not avowedly manifested. A defendant is entitled to have his dwelling allotted to him if he desires it, but if he does not want it, then it is a favor to him to have it allotted elsewhere.

Error.

PER CURIAM.                                    *Venire de novo.*