## JONES, GASKILL & CO. v. COMMISSIONERS OF ROWAN.

*Demurrer—Parties—County Commissioners—Re-assessment of Exemptions—A Casus Omissus.*

1. A demurrer is too indefinite which assigns for cause "that the complaint does not state facts sufficient to constitute a cause of action."

2. Where the writ directed to the sheriff commands him to summon "the board of commissioners of Rowan county, composed of D," and others—(giving the names of the commissioners) the suit will be considered as one against the board in its corporate capacity, and the names of the members treated as surplusage.

3. It is not the duty of the county commissioners, individually or as a board, to revise upon appeal the allotment made by the appraisers of an execution debtor's exemptions.

4. The duty of revising such allotment, which, under the former law, was incumbent upon the township trustees, devolved upon them as individuals, and it seems that a legislative transfer of corporate duties *only* to the county commissioners was a *casus omissus*, which operated the discontinuance of any supervisory tribunal in the allotment of homesteads and other exemptions.

CIVIL ACTION heard upon complaint and demurrer at Spring Term 1881, of ROWAN Superior Court, before *Seymour, J.*

The summons commanded the sheriff to summon the board of commissioners of Rowan county, composed of D. A. Davis, J. G. Fleming, G. A. Bingham, D. C. Reid, and W. M. Kincaid, to be and appear, &c. The plaintiffs in their complaint allege substantially as follows: That they obtained judgment before a justice of the peace, in Rowan county against one W. H. Kestler, on the 6th day of September, 1879, for the sum of eighty-five dollars and sixty-one cents and costs; that an execution was issued on said judgment and levied upon certain personal property of said Kestler by the sheriff of the county, who summoned ap-

praisers to allot to the said Kestler his personal property
exemption; that they allotted to him property in excess of
five hundred dollars by at least one hundred and ten dollars;
that the plaintiffs excepted to the said allotment upon the
ground that the property allotted to the said Kestler was
greatly in excess of the amount allowed by law to be ex-
empted from execution, and duly certified the exceptions
to the commissioners of the county, and notified them to re-
assess said allotment, and to confine it within the sum au-
thorized by law, and gave them a list of the property, and
informed them where it was to be found; that in response
to the application of the plaintiffs, the commissioners re-
fused to comply, and refused to take any action in the
premises, excusing themselves upon the ground that it was
not their duty to act; that they appealed from the neglect
and refusal of the commissioners to perform their duty in
the premises to the superior court, when the judge at the
special term of said court, held in August, 1880, adjudged
that the commissioners were guilty of error in refusing to
act and ordered them to proceed to make said allotment ac-
cording to law; that during the pendency of said appeal,
the said Kestler disposed of all the property allotted to him
by the sheriff and appraisers, so that it could not be reached
by the commissioners to be re-assessed; that in consequence
of the wrongful acts of the commissioners in not doing
their duty in the premises, the plaintiffs were injured to
the full amount of their judgment against said Kestler, and
therefore demand judgment of that amount for damages
and the costs of action.

The defendants filed the following demurrer:

1. That the complaint does not state facts sufficient to
constitute a cause of action.

2. That an action against the county should be brought
against the board of commissioners of the county, and it
appears upon the face of the summons that the writ is

against the individuals (naming them) composing the board of county commissioners.

The demurrer was sustained and there was judgment against the plaintiffs for costs, from which they appealed.

*Messrs. T. F. Klutz* and *J. W. Mauney,* for plaintiffs.
*Mr. Kerr Craige,* for defendants.

ASHE, J. The demurrer ought not to have been sustained by his Honor. The first cause assigned was too indefinite, and the second was defective in that it assigned as cause of demurrer that the action should have been against the board of commissioners and not against the individuals constituting the board, when in fact, the action was against the board and not against the individual members thereof.

It is true, the names of the members of the board are mentioned in the summons, but that was surplusage, and the "board of commissioners" in its corporate capacity was by the terms of the process, the real defendant. It was so considered in the argument before us, for the responsibility of the *county* of Rowan was strenuously insisted upon.

But while we hold that the demurrer must be overruled, the motion to dismiss the action made by the defendants' counsel, under section 99 C. C. P., upon the ground the complaint did not set forth facts sufficient to constitute a cause of action, presents the same objection as that intended to be raised by the demurrer.

The question presented is one of very considerable importance and of the first impression in this state. The question is nothing more nor less than this: Is it the duty of a county through its officers to re-assess the allotments of homesteads and personal property exemptions, which have been made by appraisers, upon applications for re-assessment? and are they liable in damages for the neglect of their officers to perform that duty?

We cannot believe that it was the intention of the legislature to impose such a duty or liability upon the counties. There is nothing in the act of 1868 or that of 1876–'7 which warrants such a construction.

By the act of 1868–'9, ch. 137, it was provided that if a judgment creditor, or debtor who is entitled to a homesteads should be dissatisfied with the allotment of the appraisers, he might notify the clerk of the township and file with him a transcript of the return of the appraisers, and thereupon the clerk should notify the other trustees of the township to meet on a certain day and re-assess and allot the homestead, and that they should meet on the day specified on the premises, and view and examine the homestead laid off, and make their report according to law.

The township board of trustees were a *quasi* corporation, organized under the constitution of 1868, with certain limited governmental functions, as, the control of the taxes and finances, roads, bridges, and the duty of assessing the taxable property of the township. These were its corporate powers defined by the constitution. The duty of re-assessing the allotments of homesteads, &c., was not one of its corporate powers, but was a duty imposed by the legislature upon the individuals constituting the board, and when it was provided that this duty should be performed by the clerk and trustees of the township, it means to designate the persons to whom that duty was assigned, as a *"descriptio personæ."* This construction is put beyond a doubt by the provisions of section 21, chapter 55, of Battle's Revisal, where it is declared that "if any *trustee* or any person summoned as an appraiser shall be related by blood or marriage to the debtor or judgment creditor, or shall be a party in interest in any action against the former, he shall be disqualified to serve in the valuation of the homestead or personal property exemption, and another person qualified to act as a juror shall be summoned and qualified to act in his place." If the

legislature intended to impose the duty of making re-as-
sessments upon the "board of trustees" in their corporate
character, they certainly would not have imposed any part
of that duty, under any circumstances, upon one who was
member of the "board."

And then when the act of 1876–'7, ch. 141, was passed
abrogating several of the sections of article seven of the
constitution of 1868, as the legislature had the right to do
by the amended constitution, and especially that creating
the board of township trustees and providing that the board
of county commissioners should have and exercise the juris-
diction and powers vested in and exercised by the boards of
trustees of the several counties, the question arises, what are
the jurisdiction and powers thus transferred. As the act of
1876–'7 abrogates section five, article seven, of the constitu-
tion, which authorized the creation of the boards of trustees
and defined their powers and duties, when the same act
vested in the commissioners the same powers and jurisdic-
tion that has been exercised by the *board of trustees* of the
several townships, it must be that the legislature had refer-
ence only to the constitutional jurisdiction and powers which
had been vested in the township board of trustees by section
five, article seven, of the constitution of 1868, and did not
include those duties and obligations imposed by legislative
enactments, and especially this of re-assessing homesteads,
&c.; because as we have seen, it was not imposed upon the
board of trustees in its corporate capacity. Can it be possi-
ble that the legislature by vesting the jurisdiction and
powers which had been exercised by township trustees in
the commissioners of the counties, intended to tax them, in
addition to their constitutional and corporate duties, with
that of going to every man's house in their county whose
property might be levied upon by a sheriff or constable, to
view and examine his homestead and personal property ex-
emption, whenever a dissatisfied judgment creditor, or de-

fendant in an execution, should claim a re-assessment of the allotment of the appraisers? It is rather more reasonable to conclude that the legislature has inadvertently overlooked the provision for a supervisory tribunal in the allotment of homesteads, &c., than that they have enacted a law the execution of which must be attended with such great inconvenience. LORD COKE says the *argumentum ab inconvenienti* is forcible in law, and that judges are to look upon an inconvenience as of things unlawful. Coke, 481. And Mr. Hargrave (in note 10, page 18, Coke) says such arguments deserve the greatest attention, and when the weight of the reasoning is really on equipoise, it ought to turn the scale.

This duty was no doubt originally imposed by the legislature upon the clerk and trustees of the townships, because they were presumed to know the value of the property in their immediate neighborhoods, and resided in convenient proximity to the places where their duties were to be performed.

We feel constrained to hold that the county of Rowan is not responsible in this case, for the reasons assigned.

There is no error. The judgment of the court below is affirmed.

No error. Affirmed.