R. O. BURTON, Jr., v. R. P. SPIERS and another.

*Homestead—Equity of Redemption.*

1. The validity of a homestead allotment cannot be impeached by evidence of matter *in pais,* but the aggrieved party, creditor or debtor, must make a direct application to the court to which the execution and allotment are returned.

2. An exception to the qualification of an appraiser must be taken before he enters upon the discharge of his duty.

3. An equity of redemption is subject to homestead; and the equitable estate is not destroyed by the fact that the property is over-burdened with trust debts.

4. Analogy in assignment of dower in equity of redemption pointed out, and method of procedure in alloting homestead suggested by SMITH, C. J.

(*Spoon* v. *Reid,* 78 N. C., 244; *Gheen* v. *Summey,* 80 N. C., 187; *Jones* v. *Com'rs,* 85 N. C., 278; *Cheatham* v. *Jones,* 68 N. C., 153; *Crummen* v. *Bennet, Ib.,* 494; *Caroon* v. *Cooper,* 63 N. C., 386; *Creecy* v. *Pearce,* 69 N. C., 67; *Bank* v. *Green,* 78 N. C., 247, cited and approved.)

EJECTMENT tried at Spring Term, 1882, of HALIFAX Superior Court, before *Bennett, J.*

Appeal by plaintiff.

*Messrs. Gatling & Whitaker,* for plaintiff.
*Messrs. Batchelor, Hill, Peebles,* and *Mullen & Moore,* for defendants.

SMITH, C. J. The plaintiff derives title to the lot described in his complaint, and for the recovery of which the present suit is instituted, by virtue of a sale made by the sheriff of Halifax under several executions issued from the superior court against the defendant Richard P. Spiers, and the deed to him therefor.

The defendants resist the recovery on the ground that

the homestead of the defendant, Spiers, has not been laid off and assigned to him as required by law, and they allege that the action of the appraisers summoned by the sheriff, and whose report of an assignment of the homestead is returned with the executions, for certain errors and irregularities, is inoperative and void. They impeach the validity of the proceedings of the appraisers for the reasons:

1. That the portion of the lot assigned as an exemption was not selected by the defendant, but by the appraisers themselves against his will and under protest.

2. That it was taken from land conveyed in two successive deeds in trust, made to secure debts greater in amount than the value of the entire lot from which it is separated.

3. That the said Spiers had but an equitable estate in the premises, not liable to sale under execution and not subject to the jurisdiction of the appraisers summoned by the officer.

4. That one of the appraisers had not the qualifications of a juror and was incompetent to act.

5. That the notice of the intended appeal, followed by a persistent effort to have a review of the proceedings of the appraisers and their action reversed, suspended the officer's authority to make the sale without another allotment of homestead, until the controversy respecting the legal efficacy of the first was determined.

6. That the appraisers erred in placing their estimate upon the land, as unaffected by the attaching trusts, instead of upon the defendant's equity of redemption or trust estate.

The defendant, Clark, to whom a portion of the land in dispute had been previously conveyed by Spiers and wife, was allowed to come in, as a co-defendant, and assert his title thereto, and in his answer he unites in the same defence.

Several issues, eliminated from the pleadings, were offered

by the plaintiff and accepted by the defendants who proposed another in these words:

" Is the defendant, Spiers, entitled to a homestead in the land and premises mentioned in the complaint, or any part thereof ? "

This issue alone was by the court submitted to the jury, and the others withheld to await the rendition of the verdict.

On the trial the defendants were allowed, after objection from the plaintiff overruled, to introduce witnesses to prove what took place before the appraisers while they were engaged in estimating and laying off the exemption, the contention of the parties, and the rule that controlled their action, for the purpose of showing an infecting illegality, and annulling and avoiding the result.

The testimony is set out at great length, interspersed with numerous exceptions resting upon the same principle, the recital of which in detail is needless, since in our view, the allotment made and returned, quasi-judicial in its nature and entirely regular upon its face, cannot be thus collaterally assailed and treated as a nullity for any of the imputed defects.

The homestead assigned, whether valid or void, as an estate protected from final process for debt, ceased to exist when, by the sale under the deed in trust afterwards, the land upon which it was placed was found insufficient, as appears upon the case sent up, to discharge the secured debts; and thereafter the debtor, then having none, would be entitled to the exemption of any property proposed to be sold, as if no allotment had ever been made. But while the former remained in force and the reserved estate or interest was still vested in the debtor, and thus put beyond the creditor's reach, however unfruitful of benefit it might thereafter prove, the debtor could not claim another allotment, for the simple reason that he already had an allotted homestead.

Referring to an exception taken to the validity of a homestead, not assigned in the debtor's place of residence, and assailed as in contravention of the constitution (Art. X, § 2), READE, J. says : " When the allotment was made to him in two other tracts by the sheriff's appraisers, and he took no exception thereto and no appeal therefrom, and disclaimed title to the home place and claimed no homestead therein, he assented to and was bound by the allotment, *and the same became an estoppel of record against him.* He has his homestead regularly allotted to him, and having that, *he cannot claim another." Spoon* v. *Reid,* 78 N. C., 244.

So in *Gheen* v. *Summey,* 80 N. C., 187, where the exemption had been laid off by appraisers selected by the sheriff, when acting under execution for a debt contracted prior to 1868, it was held that the allotment was void, because as to such debts the statute was void, and the court, through ASHE, J. says, that " in order to be conclusive the judgment relied on as *res adjudicata* must have been one of a legally constituted court," and it may be added invested with jurisdiction in the particular case.

Since the repeal of the law creating the township board of trustees under the authority conferred upon the general assembly by the amendment to the constitution (Art. VII, § 14), and the failure to deposit an appellate jurisdiction elsewhere, for revising the action of the appraisers, as held in *Jones* v. *Commissioners,* 85 N. C., 278, the remedy for a party, creditor, or debtor aggrieved, would seem to be in a direct application to the court, to which the execution and the allotment are returned.

The statute requires that the appraisers " shall make and sign, in the presence of the officer, a return of their proceedings, setting forth the property exempted, which shall be returned by the officer to the clerk of the court for the county in which the homestead is situated, and filed with the judgment roll in the action, and a minute of the same entered on the judgment docket." Bat. Rev., ch. 55, § 4.

This direction as to the disposition to be made of the report of the exemption, is not to give notice of its extent only, but to subject it to a motion made in a reasonable time to set it aside, and which order would most commonly render necessary the setting aside the sale also, since the boundary of the excess might be changed by an alteration in the limits of the exemption, upon a new assignment. In the absence of any vitiating illegality apparent upon the face of the proceeding, it ought not to be disturbed by evidence of matter *in pais*, except upon a direct impeachment of the complaining party.

As it may conduce to a termination of the controversy, (the policy aimed at in the new method of civil procedure,) we will briefly notice, as if the allotment were exposed to the attack, as permitted by the judge below, the several objections offered to its legal efficacy and operation. These objections are:

1. That the lot of land from which the exemption is taken was not selected by the defendant.

The testimony upon which the jury were instructed upon this branch of the case, most favorable to the defence, is that of the defendant, Spiers, himself, who supposing as did all the others, that all his lands were encumbered, objected to any homestead being set off for that reason; but upon the sheriff's saying it must be done, and inquiring where he would take it, the defendant said he would be glad to have it at the place where it was accordingly located by the appraisers. While the statute gives the debtor the right of selecting the location of the proposed exemption, if he fails to exercise it, the appraisers are required to make the election for him, always including the dwelling and buildings used therewith." § 6.

The *selection of the place* was made by the debtor, and though he disclaimed any right to a homestead in lands, all of

which were supposed to be heavily encumbered, and his equity of redemption regarded, (as the results of the sale proved to be true) of no practical value to the debtor, he is not less bound thereby, because an exemption may be in an equity of redemption. *Cheatham* v. *Jones,* 68 N. C., 153; *Crummen* v. *Bennet, Ib.,* 294.

2. Whether the equity of redemption in the land conveyed in trust to a trustee is subject to execution or not, in relation to which different opinions have been expressed, it is certain from the two last cases cited it is subject to the homestead, and it was unencumbered land, (relieved of the homestead lien by reason of a common misapprehension of parties) that was sold and is claimed in the present suit.

3. The disqualification of one of the appraisers is not an exception of which the defendants can now avail themselves, as it should have been taken, and so the judge properly held, before they entered upon the discharge of their official duties, and not after they have been performed.

4. The fact that the lot was over-burdened with trust debts does not destroy the defendant's equitable estate therein, though the event proved that such an estate was valueless.

5. We cannot ascribe to the misdirected efforts of the defendant, to bring the case before a tribunal without jurisdiction, the effect of arresting the action of the sheriff in proceeding to execute the mandate issued to him. This is evidence of dissatisfaction with the allotment, but when made, it leaves the officer freedom, and it becomes his duty to act.

6. We do not feel called upon to decide the question discussed in the argument, and so difficult of a satisfactory solution, whether the homestead should have been set apart and assigned of the required value upon the land itself, without reference to the encumbrance; or upon an enlarged area, the equity of redemption in which is estimated to be worth one thousand dollars—in other words, should the

assignment be of the *land* or of the *equitable estate in the land* remaining in the debtor.

If the latter course be pursued and the incumbrance afterwards be removed, it is obvious the exemption would exceed the constitutional limits and a re-assignment would become necessary. If the former, as was adopted by the appraisers in the present case, that result would be obviated and the discharge of the 'liens would leave the debtor in possession of what he is entitled to, and dispense with another assignment, giving permanence to the first and without prejudice to either party. In such case, as is suggested in *Cheatham* v. *Jones, supra,* the debtor might have a right to require of the trustee, in case a sale became necessary, to dispose of all the land outside the bounds of the portion exempted, and apply the proceeds in exoneration of the latter to that extent. If all the debtor's lands were under the same trusts, and created in one instrument, the practical results to the debtor would be alike, whichever method of allotment be pursued; since in both, the unsold land left after discharging the incumbrance would remain to the debtor.

An analogy may be found in the assignment of dower to the widow in an equity of redemption, in lands conveyed by her deceased husband, which is given her by the statute, (Bat. Rev., ch. 117, § 2), and it is held that when set apart, she may require the sale of all the other lands and of the reversion in the part allotted for her dower in exoneration, by a discharge of the secured debt. *Caroon* v. *Cooper,* 63 N. C., 386 ; *Creecy* v. *Pearce,* 69 N. C., 67. The dower is given in the *equity of redemption,* or other trust estate, and it is ascertained and assigned in the land itself, and not in the equitable estate in the land, and the benefits are secured through the attaching equity declared by the court.

Why should not the same course be pursued by the appraisers, the debtor's claim to the exemption and the widow's

right to dower being alike paramount to those creditors? If there are lands possessed by the debtor free from encumbrance, the exemption may be of the whole or a part of them, and then no question could arise in respect to it.

In support of this view, it will be observed in the language of BYNUM, J., in *Citizen's Bank* v. *Green,* 78 N. C., 247, that, "the homestead is not the creation of any new estate vesting in the owner new rights of property. His dominion and power of disposition over it are precisely the same after as before the assignment of homestead." The constitutional provision *exempts* a certain part of the debtor's estate "from sale under execution or other final process," and land of the limited value is simply set apart and freed from sale for the debt, whatever may be the measure of value of the debtor's interest therein. If the debtor has an estate for a term of years or less than a fee simple, he retains that estate and has the occupation and use of land, in which the estate is held for the prescribed period of time, if it endure so long, and within the limits of the valuation specified. But he would not be allowed land of greater value because his interest is less than a fee, the purpose of the law being to protect the insolvent debtor in the use and enjoyment of land estimated to be worth $1000, and to others after his death for a limited period, *or for so long a time as his estate and right of possession endure.*

For these reasons we are disposed to uphold the action of the appraisers as to the manner of the allotment, but we refrain from determining the point until it shall come before us and become necessary in deciding the cause.

We simply decide on this appeal that the validity of the allotment of the homestead cannot be asserted in the collateral manner allowed by the court below, for any of the causes specified, dehors the allotment itself, and that in this ruling there is error. The judgment must be reversed, and a new trial had, and it is so ordered.

Error.                                   *Venire de novo.*