STATE ex rel. McD. PATE & CO. v. LUBY HARPER et als.

*Executrix—Personal Property Exemptions—Mortgage.*

1. A debtor is entitled to have his personal property exemption ascertained up to and immediately before the sale.

2. After an execution has been returned with the allotment of the personal property exemption, it becomes an estoppel, but as long as the process remains in the officer's hands, such allotment is *in fieri*, and may be corrected.

3. If property belonging to the judgment debtor has been omitted by the appraisers, they have the power to correct the allotment.

4. While an unregistered mortgage is not valid as to third parties, yet the lack of registration cannot subject to sale under execution, property which would be exempt if there were no mortgages.

(*Burton* v. *Spiers*, 87 N. C., 87 ; *Duvall* v. *Rollins*, 68 N. C., 220 ; *Crummen* v. *Bennett, Ibid.*, 494, cited and approved).

CIVIL ACTION, tried before *Connor, Judge*, and a jury, at Fall Term, 1885, of GREENE Superior Court.

There was a judgment for the defendants, and the plaintiffs appealed.

The facts are fully stated in the opinion.

*Mr. Geo. M. Lindsay*, for the plaintiffs.
*Mr. Geo. V. Strong*, for the defendants.

SMITH, C. J. The plaintiffs' attorney, on their behalf, sued out of the Superior Court of Greene county, and on December 30th, 1884, placed in the hands of R. A. Edwards, a deputy of the defendant Luby Harper, acting sheriff of the county, an execution against John T. Parker, issued upon a judgment recovered by the plaintiffs against him in the sum of $25.70, with interest from December 9th, 1881, and costs, and duly docketed in said court, with direction to lay off the defendant's exemption, and proceed to collect. The deputy accordingly summoned appraisers, who, on December 31st, laid off the debtor's personal property as exempt from execution, and of the value of $150, and returned a descriptive list of the exempt articles on January 5th, 1885, into the office of the Superior Court Clerk, who made a minute thereof on the judgment roll in the action, and the same was duly registered. There were omitted from the allotment two mules and a wagon, the owner-ship of which the debtor disclaimed, as he had conveyed this property by a mortgage, which, in the argument, it was said had not been registered. Thereupon the plaintiffs' attorney directed the deputy to seize and sell these articles, which he did seize, and the debtor demanded that his personal property exemp-tion be laid off. Accordingly, the deputy again called the same appraisers together, and they again made out a descriptive list, including the mules and wagon, and the officer made return of the process to the office on January 12th, 1885, with the follow-ing endorsement: "Executed by levy upon the personal pro-perty and setting apart to him his personal property exemption. No excess and no other property out of which to satisfy this execution belonging to the defendant to be found in my county. January 12, 1885."

The deputy, when required, refused to sell the mules and wagon, or any one of them, to satisfy the writ, and to recover damages for this neglect and alleged breach of the conditions of the sheriff's official bond, the present action is brought against him and the other defendants who are the sureties thereon.

The matters in controversy upon the pleadings, are embodied in three issues, of which two were offered by the defendants, and the third added by the Court; those proposed by the plaintiffs having been refused:

1. Did John T. Parker demand that his personal property exemption be laid off, before the commissioners first laid it off?

. 2. Did he demand that his personal property exemption be laid off before the commissioners laid it off the second time?

3. Did he select the articles laid off to him the second time?

The jury responded in the negative to the first and third issues, and in the affirmative to the second.

The subject matter of contest before the jury, was whether the allotment of exempt articles was first made by the debtor's demand, or was the voluntary act of the appraisers, done by the direction of the plaintiffs' attorney, upon which its efficacy as a legal allotment was supposed to depend; and here the principal objection to the ruling insisted on, is the validity and conclusive effect of the first allowance, omitting the articles embraced in the list, and its operation, while remaining undisturbed, as an estoppel upon any further similar action of the sheriff and appraisers.

The finding of the jury shows that the debtor did not require his exemption to be set apart until it was done and the list made to include the mules and wagon, all in value falling short of the limit fixed in the law. Const., Art. X, §1.

The argument for the plaintiffs, appellants, is, that the first action of the appraisers, completed by their report and its registration, was final and exhaustive of their powers as such, and that what was afterwards done is a nullity, thus leaving the unmentioned articles open to execution.

The provision contained in §504 of The Code, slightly modified in terms, but in substance the same as before its adoption, directs the proceeding by the appraisers, when ended, to be returned by the officer to the Clerk, for filing with the judgment roll, &c. This direction seems to contemplate a return of the proceeding for exemption with his return of the process to which

it is incidental and explanatory.   It would be unjust to a debtor
to prevent the officer, at the dictation of the creditor only, to ap-
point the inspectors, and cause their action taken immediately
upon the delivery, to be at once transmitted to the Clerk, and
thus as an estoppel, to bind the debtor and take away his con-
stitutional rights.   We think the debtor is entitled to have his
exemption ascertained up to and just before the process is executed
by a sale.   While the process is in the officer's hands in full ac-
tivity, the preliminary action of the appraisers is not conclusive,
but remains *in fieri,* capable, at their instance, under the call of
the officer at least, of correction and amendment.   If property
has been omitted, which ought to have been put on the list, but
was not known at the time to belong to the debtor so that it
could be done, the appraisers ought to have the power, and we
think do have it, to enlarge the exemption, so that none which
should be exempt shall be sold from him.   The mandate of
the statute is, that the officer shall make his levy upon the entire
personal estate subject to seizure under execution, *but before he
sells,* to have so much of it set apart for the debtor, within the
limited value, as he may select, and when insufficient, all being
below the value, such selection is unnecessary.

The conclusive effect given to the action of appraisers in *Bur-
ton* v. *Spiers,* 87 N. C., 87, has reference to returns made and
left in force when the execution of which it is part has been
returned, and becomes a record in the cause.   We do not con-
sider that a hasty return, as in this instance, brought about by
the plaintiff's own agency, places the proceedings at once beyond
the corrective power of both the officer and the appraisers, to the
denial of the debtor's constitutional rights.   The only regular
and legal exemption recognized by the sheriff, is that enlarged
by the addition of the mules and wagon, and which in form and
effect is but amendatory of the other.

While the unregistered mortgage of the mules and wagon may
be effectual between the parties to it, and yet inoperative against
the plaintiffs for want of such registration, in the controversy be-

tween the plaintiffs and the defendant the right of the latter prevails, and the non-registration cannot subject to a sale under execution, that which, if no mortgage had been made, would not be, because of its exemption. *Duvall* v. *Rollins*, 68 N. C., 220; *Crummen* v. *Bennett*, *Ibid.*, 494.

As the sheriff could not legally sell the property thus exempted, there has been no breach of his bond and no dereliction of duty in the premises, and the ruling of the Court must be sustained.

There is no error and the judgment must be affirmed.

No error.                                    Affirmed.