S. C. RANKIN & CO. et al. v. MARY H. SHAW et al.

*Homestead—Conveyance in fraud of Creditors.*

1. Since the passage of the act of 1885, ch. 359, a judgment is a lien on the homestead interest.    *Quære*, whether this act affects causes of action accruing prior to its passage.

2. A debtor, who conveys his land in fraud of creditors, is still entitled to a homestead in the fraudulently conveyed land.

3. As creditors cannot reach the homestead for the satisfaction of their debts, no conveyance of it, although voluntary, can be in fraud of creditors.

4. In an action by creditors to have a deed, alleged to be voluntary and fraudulent, set aside, the answer set up the defence that the donor was entitled to a homestead in the conveyed land; *It was held*, to be error to strike out the answer, and order the sheriff to lay off the homestead, and that a sale be made of the excess.

(*Markham* v. *Hicks*, 90 N. C., 204; *Duvall* v. *Rollins*, 68 N. C., 220; *Crummen* v. *Bennett*, *Ibid.*, 494; *Arnold* v. *Estis*, 92 N. C., 162; *Pate* v. *Harper*, 94 N. C., 23, cited and approved).

CIVIL ACTION, in the nature of a creditor's bill, heard before *MacRae, Judge,* at November Term, 1885, of the Superior Court of CUMBERLAND county.

The plaintiffs having recovered several judgments against the defendant Mary H. Shaw, before a Justice of the Peace, and caused them to be docketed in the Superior Court of Cumberland county, in this action, begun on January 3rd, 1884, and prosecuted on behalf of all her creditors, seek to have set aside and declared fraudulent and void, a deed executed by her, previous to the attaching of their liens, wherein she undertakes to convey to the defendant Benjamin F. Shaw, her interest and estate in several tracts of land. The complaint avers that the debts on which the judgments were rendered, were contracted before the making of the deed, and that the recited consideration of five hundred dollars, was never paid nor intended to be paid, and the conveyance was wholly voluntary and inoperative against creditors, she being possessed of no personal property in excess of. five hundred dollars, and owning no other land out of which the debts can be satisfied.

The answer essays to impeach the validity of the notes on which the judgments are founded; and also the judgments themselves, sets up a counter-claim, and among other defences not necessary to be considered, alleges, that the real estate so conveyed, is assessed for taxation at $683⅓, and does not exceed in value that allowed by law as a homestead, and that as it was not accessible to final process, her disposal of it could not be in fraud of the rights of creditors, nor operate to cause hinderance or delay.

The Court, on motion of plaintiffs' counsel, directed to be stricken out of the answer the 1st article, and so much as sets up a counter-claim, as frivolous and impertinent, and proceeding to declare, upon the admissions in the answer, that the deed is " fraudulent and void as to creditors, except as to the homestead interest of the said Mary H. Shaw," adjudges that advertisement be made for other creditors, that the sheriff summon appraisers

to lay off the homestead, and if there be any excess in the land, that he proceed to sell the same and make report to the Court.

From this ruling and judgment the defendants appeal, assigning several exceptions, and especially one to the ruling as to the fraudulent character of the deed, which is the only one passed on by this Court.

*Mr. Duncan Rose,* for the plaintiffs.
*Mr. R. P. Buxton,* for the defendants.

SMITH, C. J. (after stating the facts). In *Markham* v. *Hicks,* 90 N. C., 204, decided two years since, upon a full consideration of the subject, the Court uses this language in regard to the result reached:

" The estate of the debtor, remains after the allotment, as before, the same, whether it be in fee, for life, or for years. It is *this estate in its entirety* in the exempt land, which the creditor is not allowed to sell under final process, by the mandate of the Constitution, and to which no judgment lien now attaches, when the debt was contracted, or the cause of action occurred, since May 1st 1877."

The clause of the sentence relating to the lien, has since become inapplicable by reason of the amendatory enactment of 1885, ch. 359, but the change in the law does not interfere with so much of the proposition as precedes.

It is manifest that if the plaintiffs were to sue out execution, and proceed to enforce their judgments against the lands, treating the attempted disposition of them as void, by reason of fraud, the debtor would be entitled, as against them, to her full homestead, as if no deed had been made, and as to so much as should be ascertained to be exempt, her conveyance could not be in fraud of her creditors, for the simple reason that this part was not accessible to final process. *Duvall* v. *Rollins,* 68 N. C., 220 ; *Crummen* v. *Bennet, Ibid.,* 494 ; *Arnold* v. *Estis,* 92 N. C., 162 ; *Pate* v. *Harper, ante,* 23.

If the whole area of the land should be covered by the allotment, the officer could do nothing, and must return his process unacted on, without resulting benefit to the creditor. The present proceeding is but another form of final process, and must be subject to similar conditions. It must be equally ineffectual, if the fact be that upon an allotment, all the defendant's land will be required for her homestead exemption. The averment in the answer raises this issue, and if found to be true, arrests the action, as it would further proceedings by the Sheriff. This defence ought, therefore, to have been disposed of before rendering final judgment, and not left to be contingent upon the action of the Sheriff. If there is no excess, the cause can proceed no further, and no declaratory judgment should have been made in advance, to fit unascertained facts, as they might be determined thereafter. The act of March 11th, 1885, restoring the lien of a docketed judgment upon land set apart as a homestead, and in subordination thereto, if affecting the present case, (and this is by no means admitted), will not aid the plaintiffs, for the action to enforce it is in abeyance, and the statute of limitation, as to the claim, suspended until the homestead exemption terminates.

There is error in refusing to have the defence tried, for the further prosecution of the cause is dependent upon it. The judgment must be reversed, and a new trial had in accordance with this opinion. Let this be certified accordingly.

Error.                                               Reversed.