GEORGE K. WELCH v. THOMAS K. WELCH.

*Homestead—Evidence.*

An allotment of the homestead or personal property exemption cannot be attacked collaterally by the judgment debtor, or any one claiming under him. If he is dissatisfied therewith, he must present his objections in the manner prescribed by the statute. *The Code,* § 519.

SPECIAL PROCEEDING for sale of land for partition, tried before *MacRae, J.,* upon issues sent up by the Clerk, at Spring Term, 1888, of the Superior Court of CHEROKEE County.

The petition alleges, in substance, that the plaintiff and defendant are tenants in common of the land mentioned in the petition, each being entitled to an undivided half thereof, "except three fourths of the mines and minerals thereon"; that actual partition of the land cannot be had for reasons set out, and asks that the land be sold, &c.

The defendant answers, alleging title in himself to the whole of the land mentioned, and further, that if the plaintiff had any interest in said lands, as alleged by him, it is not true that actual partition cannot be had without injury, &c.

The following were the issues:

"1. Is the defendant sole seized of the lands described in the petition?

2. Can the lands described in the petition be divided without prejudice to the interests of the tenants in common?"

The plaintiff offered in evidence, after showing title in John R. Welch and the defendant as tenants in common:

The judgment docket of Cherokee county, showing judgment in favor of A. T. & T. F. Davidson v. S. D. Abernathey, W. F. Abernathey, J. R. Welch and Sally Welch and B. Mayfield, and an assignment of same by plaintiff to J. W. Cooper, April 27th, 1877.

A motion, upon notice, for leave to issue execution and order to issue execution, March 17th, 1884.

The entry: "Homestead laid off and set apart to J. R. Welch, April 2d, 1884."

The return of appraisers, Book V, page 219, Register's office, May 10th, 1886. This return, signed by the appraisers, sets forth that "having been duly summoned and sworn, according to law, to act as appraisers of the homestead and personal property exemptions of J. R. Welch and Sally Welch, of Valley Township, in Cherokee County, by W. G. Payne, Sheriff of said county, do hereby make the following return." Then follows the appraisement and allotment to J. R. Welch and Sally Welch of a homestead and personal property exemptions, signed by the appraisers and attested by the Sheriff. Attached is the following certificate:

"The foregoing homestead came to hand and was registered in Book V of deeds, pages 219–220, May 10th, 1886.

(Signed)     W. M. WEST,

*Register of Deeds.*"

This was objected to by the defendant, for that:

"1. It was not the proper place to register an appraisement of homestead.

2. That there is no authority for registration, on account of the absence of any certificate of the Clerk of the Superior Court.

There does not appear to be a certified copy."

Objection overruled and defendant excepted.

W. G. Payne testified that he was Sheriff; recollected making sale of "John R. Welch's land at the homestead; proceedings were had; had execution; levied on the lands, tracts thirty-nine and part of forty, in district six, as the excess, after the homestead was laid off. The execution was in favor of A. T. & T. F. Davidson against John R. Welch and Sally Welch; not sure that there were any others. It was against John R. Welch and his wife Sally."

He was asked if John R. Welch, at the time of the appraisement, did not notify him, as Sheriff, and the appraisers, that the land they were about to assign as homestead to him was the dower of his wife, and that he had no interest in it? Question objected to; objection sustained, and defendant excepted.

A deed from W. G. Payne, Sheriff of Cherokee, to plaintiff, dated September 8th, 1884, conveying part of tract forty, reciting judgment, execution, levy and sale, and sale to plaintiff at public outcry at court-house door, &c., and a similar deed of same date to plaintiffs, for tract thirty-nine—these tracts embracing the lands in controversy.

The defendant offered in evidence a deed from J. R. Welch to himself, dated September 11th, 1878, conveying to him the land in controversy, for the price of $770.

A. J. Leatherwood testified :

"I knew Sallie Welch. She was an Abernathey, being first a Morgan; married Abernathey, who died, and she is now the wife of John R. Welch. She had a dower and has it yet.

I was one of the appraisers who laid off the homestead before referred to."

Question. Whose land was it that was laid off as the homestead?

Objected to by the plaintiff. Sustained, and defendant excepted.

Defendant proposes to show that John R. Welch had no interest in the land laid off as homestead.

Objection by plaintiff. Sustained, and defendant excepted.

Defendant proposes to show that John R. Welch, at the time of laying off of the homestead, had no land subject to the lien of the judgment under which execution issued and the Sheriff sold, except the two tracts in controversy, and they did not exceed in value $1,000.

Objection by the plaintiff. Sustained. Defendant excepted.

It was agreed that the second issue may be answered No.

Defendant asked the following instructions :

"That a sale by a Sheriff, without laying off the homestead of the judgment debtor, is absolutely void, and the purchaser at such sale acquires no title.

It appearing from the records of the appraisers that there were two defendants in the execution, and that only one thousand dollars in land was allowed by them to both defendants jointly, the Court instructs the jury that there was no allotment of a homestead to either, and that the sale by the Sheriff was void, and plaintiff acquired no title."

The Court declined to so instruct the jury, and the defendant excepted.

The jury responded "No" to each issue; there was a judgment ordering sale, &c., and defendant appealed.

*Mr. Geo. H. Smathers* (and *Mr. J. C. L. Gudger* filed a brief), for plaintiff.

*Messrs. G. S. Ferguson, T. R. Purnell* and *Theo. F. David-son,* for the defendant.

DAVIS, J. (after stating the case.) Thos. K. Welch and J. R. Welch were formerly tenants in common of the land mentioned in the petition under deed from W. H. Thomas and Bartlett Morgan. The plaintiff claims to have title to the interest of Jno. R. Welch in said land, derived by purchase and deed under an execution sale, and the defendant claims title to the whole. alleging title to the share or interest of Jno. R. Welch by purchase and deed from him.

The defendant insists that the deeds from the Sheriff to the plaintiff, George K. Welch, are void because the sale was made by the Sheriff under execution without having allotted the homestead of the debtor in the execution, and the first exception is to the admission of the return of the appraisers as evidence to show the allotment of the homestead.

Section 504 of *The Code* requires the return of the appraisers to be registered in the office of Register of Deeds, and this was done, but the defendant says it was without authority, and proposed to show by the Sheriff that at the time of the appraisement Jno. R. Welch notified him and the appraisers that the land they were about to assign as a homestead was the dower of his wife, and that he had no interest in it.

*The Code,* chapter 10, provides for the allotment of homesteads, and the duties of the Sheriff in relation thereto are defined, and section 516 subjects him to indictment and to liability on his official bond for selling land in which execu-

tion debtors may be entitled to homesteads without a compliance with the requirements of the statute.

Section 519 provides the remedy for a judgment creditor or debtor who may be for any cause dissatisfied : "If the * * * * * judgment debtor or other person entitled to homestead * * * * shall be dissatisfied with the valuation and allotment of the appraisers or assessors, he, within ten days thereafter * * * * and before sale under execution of the excess, may notify the adverse party and the Sheriff having the execution in hand, and file with the Clerk of the Superior Court of the county where the said allotment shall be made a transcript of the return of the appraisers or assessors, which they or the Sheriff shall allow to be made on demand, together with his objections in writing to said return, and thereupon the Clerk shall put the same on the civil issue docket of said Superior Court for trial at the next term thereof * * * * and the Sheriff shall not sell the excess until after the determination of said action."

. When the homestead is allotted and no exception taken thereto in the mode prescribed by the statute, the Sheriff may sell the excess and the purchaser has the right to assume a " determination" of all dissatisfaction with the " allotment," and neither the judgment debtor nor any one claiming under him can be heard to attack it collaterally. This is so clearly and fully discussed in *Burton* v. *Spiers*, 87 N. C., 87, that we deem it only necessary to refer to that case. See also *Spoon* v. *Reid*, 78 N. C., 244.

The several exceptions to the exclusion, upon objection, of the evidence offered and questions asked by the defendant, are sustained for the same reason. The purpose was to attack collaterally the homestead allotment, and, as we have seen, this cannot be done. The refusal to grant the first instruction asked was proper, because it was not warranted by the evidence. It appears that the Sheriff did not sell " without laying off the homestead of the judgment debtor."

Neither was there error in refusing the second instruction asked. The homestead was allotted before sale under execution; there was no exception or appeal. The homestead was allotted to Jno. R. Welch and Sally Welch, who were husband and wife.

The return of the Sheriff shows that the homestead of J. R. Welch was "laid off and set apart," and the *excess* was sold.

Affirmed.