COLUMBUS ETHERIDGE v. JOHN F. DAVIS et al.

*Personal Property Exemption—Estoppel—Pleadings.*

A defendant is not estopped by his pleading alleging property in another from claiming his exemption in such property after the verdict of a jury negativing such averment.

This was a CIVIL ACTION, tried at the Fall Term, 1892, of CAMDEN Superior Court, before *Hoke, J.*

It was brought to recover the value of advancements made to defendant for stumpage of timber and other expenses, and for delivering and shipping the same.

In his answer to the complaint and attachment, one of the defendants, Brite, alleged that the timber attached for the debt was the property of the other defendant, Davis. The jury found the logs were not the property of Davis. Brite then, for the first time, claimed his personal property exemption therein.

*Mr. E. F. Aydlett,* for plaintiff.
No counsel contra.

CLARK, J.: The logs were attached as the property of the defendant Brite. In his answer he denied ownership, and averred that they belonged to his co-defendant Davis, to whom he had sold them before the levy of the attachment. The verdict of the jury negatived this allegation. The defendant Brite then claimed, before judgment was signed, to have his personal property exemption allotted in said logs. This his Honor properly allowed.

The plaintiff contends that the defendant Brite is estopped to claim the logs for his exemption after denying in his answer that they belonged to him. But if this would work an estoppel, the plaintiff would be equally estopped from opposing the property being so set apart, since in the complaint he had averred that the logs were the property of Brite. If they were, Brite certainly could claim his exemption. *Duvall* v. *Rollins,* 68 N. C., 220; *Pate* v. *Harper,* 94 N. C., 23.

But in fact there was no estoppel. There was nothing done which induced, or could have induced, the opposite party to act, relying upon it. For the purposes of the trial, only an averment in the pleadings is conclusively true as against the party making it.

It may be that the jury found, under the charge of the Court, that Brite was mistaken as to the law applicable to the state of facts which he believed had constituted a transfer of title to Davis. But however that may be, the verdict settled it that the logs were the property of Brite, and that he had not conveyed them to Davis. Had Brite in fact fraudulently conveyed them, he could still have claimed that his exemption be allotted therein. *Rankin* v. *Shaw*, 94 N. C., 405, and cases there cited. *A fortiori* is he entitled to do so when the jury find that he had not in fact conveyed them at all.

No Error.