A. M. GUDGER v. A. M. PENLAND and Wife.

*Execution Sale — Allotment of Homestead — Appraisement — Appraisers' Return — Amendment — Trial—Evidence:*

1. The unregistered allotment of a homstead is competent evidence unless objected to in apt time.

2. A return to an appraisement of a homstead which states that the appraisers were summoned by the sheriff and sworn, and to which the appraisers signed their names under seal, witnessed by the sheriff, is properly executed.

3. In the trial of an action to recover land purchased at execution sale, evidence is not admissible to attack the return of the homestead appraisers which, on its face, appears sufficient.

4. It is allowable for appraisers of a homestead to amend their return before it has been filed.

CIVIL ACTION, for the recovery of land, tried before *Graham, J.*, and a jury, at March Term, 1895, of BUNCOMBE Superior Court. At the conclusion of the evidence, his Honor intimated that the plaintiff could not recover, and thereupon the plaintiff submitted to a non-suit and appealed. The material points in the case are stated by Associate Justice FURCHES.

Messrs. *W. W. Jones* and *J. M. Gudger, Jr.*, for plaintiff (appellant).
Messrs. *W. J. Peele* and *Locke Craig*, for defendant.

FURCHES, J.: This is an action of ejectment by a purchaser at execution sale against the defendant in the execution, in which the court at the close of the evidence intimated the opinion that the plaintiff could not recover. And thereupon the plaintiff submitted to a non-suit and appealed.

GUDGER v. PENLAND.

The court below does not state upon what reason this opinion was founded. But the reason assigned in the argument here, to support the judgment of the court below, was that the defects in the assignment of defendant's homestead rendered it void, and, this being so, the sale at which plaintiff bought was void and he got no title.

Defendant's counsel assigned several grounds upon which he contended that the judgment of the court should be sustained. The first was that the homestead allotment had not been registered as provided by law, and therefore could not be offered in evidence; but, upon an examination of the record, we find that it was put in evidence by plaintiff without objection, and was therefore made competent, just as a deed which had not been registered may be introduced on a trial, if there is no objection, and it then becomes competent. So, it is not necessary to decide how it might have been if the objection had been made, as this point is not raised.

Another objection to the appraisers' return is that it does not appear that the appraisers were sworn and signed the same as the law provides. But we think a fair interpretation of this paper shows that it was. It states that they were summoned by the sheriff and sworn. To this they signed their names under seal, and this is attested by the sheriff. So, it would seem from the paper itself that it was properly executed.

It is further contended by defendant that, without the survey attached, the return is defective in its description. But counsel admitted that with this, taken as a part of the return, it is a sufficient description of the homestead allotted the defendant, and of the excess. The return of the appraisers includes this survey, which they attach to the paper they sign as a part of their return. And this makes it in effect the same as if they had incorporated it

118—53

in the body of their return. And this makes the return on its face complete and sufficient in law to authorize the sale under which plaintiff purchased. But defendant contended that, when the return was first drawn and signed by the appraisers, this survey was not attached and made a part of the return, but afterwards it was amended, or a new report drawn and signed by them, making the survey a part of their report. And defendant was allowed by the court, under the objection and exception of plaintiff, to introduce evidence to show this fact. In this there was error. The only object of this evidence was to attack the return of the appraisers, which appeared to be sufficient on its face by collateral evidence. This cannot be done. *Welch* v. *Welch*, 101 N. C., 565; *Burton* v. *Spiers*, 87 N. C., 87; *Spoon* v. *Reid*, 78 N. C., 244. But this amendment seems, from this evidence (even had it been competent to attack it collaterally,) to have been made before the report was filed—while it was yet *in fieri*—and, this being so, they had the right to make it. *Pate* v. *Harper*, 94 N. C., 23. There is error, and the judgment of the court below must be set aside, and the case restored to the docket for trial.

Error.