The plaintiff brought an action on the case, and the Defendant filed the following Plea, to-wit:
"And the said John A. Cameron in his own proper person comes and defends the wrong and injury, and says, that this action is coram non judice: that there is no Superior Court of Law now in session in the county of Bladen; that a Judge, legally and constitutionally appointed, is a constituent part of a Superior Court of Law for said county, and that the said Blake Baker, Esq., has not been legally and constitutionally appointed a Judge of the Superior Court of Law and Equity of the State of North Carolina aforesaid; and that the said Blake Baker, Esq., is not one of the Judges of the Superior Courts of Law and Equity of the State aforesaid, and that he has no authority to hold the Superior Court of Law of said county, and to preside in the same as Judge; and that he has no jurisdiction over said action, nor any authority to receive any plea or make any order, or give any judgment in, touching, or concerning the same; and this the said John A. Cameron is ready to verify, and, therefore, apprehends that the said Blake Baker, Esq., will not, nor ought to take any cognizance of the action aforesaid here depending against him, c. Therefore he prays judgment, if he ought to be compelled to answer to the said Plaintiff in his said plea here depending.
J. A. CAMERON."
This Plea was sworn to; and the Plaintiff replied as follows, to-wit:
"And the said John Beard saith, that the said Hon. Blake Baker ought to take cognizance of the action aforesaid here depending against the said J. A. Cameron; and that the said Defendant ought to be compelled to answer over to the said Plaintiff in his said action here depending; because the Hon. Samuel Lowrie, late one of the Judges of the Superior Courts of Law and Equity of the State of North Carolina, died during the recess of the General Assembly of the State aforesaid, and his Excellency John Branch, Governor of the State aforesaid, with the advice of the Council of State aforesaid, issued a temporary commission, bearing date the ____ day of (183) ____ 1818, (which commission will not expire until the end of the next session of the General Assembly of the State aforesaid, which next session, will not commence until the third Monday *Page 141 
of the ensuing month of November,) to the said Hon. Blake Baker, to fill the vacancy occasioned by the death of the said late Hon. Samuel Lowrie, thereby giving to the said Hon. Blake Baker, during the term aforesaid, all the powers and authorities of a Judge of the Superior Courts of Law and Equity of the State aforesaid, which gives him full power and authority to hold the Superior Court for the county of Bladen at this time, and gives him jurisdiction over the aforesaid action; and this the said John Beard prays may be enquired of by the county.
 JAMES J. MACKAY, For the Plaintiff."
To this Replication the Defendant rejoined:
"And the said John A. Cameron, as to the replication of the said John Beard to the said plea of him, the said J. A. Cameron, saith, that the General Assembly of the State of North Carolina commenced its annual session for 1817 on the third Monday of November in said year, at the city of Raleigh, in the State aforesaid, being the time and place prescribed by law for said session; and that the said General Assembly continued in session until 24 December in the said year, when the said General Assembly adjourned sine die about 10 o'clock A. M. of said day; and the late Hon. Samuel Lowrie, one of the Judges of the Superior Courts of Law and Equity of the State aforesaid, died on 22 December, 1817, about the hour of 8 o'clock A. M. at his residence in the county of Mecklenburg, about 150 miles from the city of Raleigh aforesaid, and that the Hon. Samuel Lowrie died, and the office of Judge which he held as aforesaid became vacant during the aforesaid session of the General Assembly, and that sufficient time elapsed between the death of the said Samuel Lowrie and the adjournment sine die as aforesaid of the said session of the said General Assembly of the State of North Carolina as aforesaid, for the said General Assembly to have known and been informed of the said death of the Hon. Samuel Lowrie, and consequent vacancy of the said office of Judge, and to have appointed a successor of the said Hon. Samuel Lowrie to fill said vacant office before the time of their adjournment sine die as aforesaid; and that the said Hon. Samuel Lowrie did not die, nor the said office of Judge which he held as aforesaid become vacant, during the recess of the said General Assembly; but the said General Assembly was in session at the time of said death, and that his Excellency John Branch, Governor of the State aforesaid, with the advice of the Council of State, had no authority to issue to Blake Baker, Esq., a temporary commission to fill the said vacancy occasioned by the said death of the said Hon. Samuel Lowrie, until the end of the next session (184) of the said General Assembly; and if such commission had been issued by the Governor, with the advice of the Council of State, it is an usurpation of power, not delegated to them, or either of them, by the people of North Carolina, is in violation of the express words and in contravention of the spirit of the Constitution of the State aforesaid, and at warfare with the genius of her republican institutions; and that the said Blake Baker, Esq., has not the authority of a Judge of the Superior Courts of Law and Equity of the State aforesaid; and that he has no authority to hold the Superior Court of Law for the county of Bladen aforesaid, or to preside in the *Page 142 
same as Judge; and that he has no jurisdiction over the said action, nor any authority to receive any plea or make any order, or give any judgment in, to, or concerning the same; and of this he the said John A. Cameron puts himself upon the country, c.
J. A. CAMERON."
To this Rejoinder the Plaintiff demurred, and the Defendant having joined in demurrer, the case was sent to this court.
It is, to my mind, a very strange and incongruous proposition, that an answer is required to be given by A. B. whether he be a Judge, which answer he cannot give unless he be a Judge. I plead that you are not a Judge; a Judge alone can decide the plea; and I call on you to decide. This certainly cannot be the way of testing Judge Baker's appointment. The way is very simple, but it is not for this Court to point it out. It is said that the extent of the jurisdiction of all Courts is settled by the Courts themselves. This is true: but then it must be remembered that in all such cases there is a Court competent to decide; and it is called upon not to decide whether it is a Court, but the extent of its jurisdiction. The plea must therefore be overruled.