W. H. HUGHES, Ex'r, v. F. L. HODGES.

*Homestead—Burden of Proof—Validity of Deed Presumed.*

1. Where a land-owner makes a deed or mortgage, in which his wife does not join, the burden rests on him to show the existence of such facts as render the conveyance inoperative as to the homestead.

2. The presumption of law is in favor of the validity of every deed executed in due form.

(See syllabus in plaintiff's appeal, *ante.*)

*Mr. T. W. Mason,* for the plaintiff.
*Mr. R. B. Peebles,* for the defendant.

DEFENDANT'S APPEAL.

AVERY, J.   The defendant contends that the Court below erred in refusing to declare the mortgage deed void, and in ordering the sale of the reversionary interest in the land. From the discussion of the plaintiff's appeal it will appear that the presumption of law is in favor of the validity of this and every other deed executed in due form. If the defendant seeks to have it declared void, because it was made in disregard of the requirements of section 8, Article X, of the Constitution, the burden is upon him to show that the homestead right attached to the land, and vitiated the conveyance, for the want of the joinder of the wife, with privy examination, for one of the three following reasons:

1. That a homestead had been allotted to him in the land described in the mortgage deed, either on his own petition or by an officer in accordance with law.

2. That there was an unsatisfied judgment or judgments that constituted a lien upon the land, when conveyed, and upon which execution might still issue, and make it necessary to have his homestead allotted, or a mortgage reserving an undefined homestead, and constituting a lien on the land that could not be foreclosed without allotting a homestead to defendant in the land.

3. That the mortgage deed was void, because executed with intent to defraud the defendant's creditors, and that defendant did not have a homestead allotted already in other lands.

In order to rebut the presumption of validity by bringing the deed under the prohibition contained in section 8, Article X, of the Constitution, one of these grounds of objection mentioned must be made to appear by any person who would raise a question as to the effect of the conveyance. We are assuming, for the purpose of presenting the case in its strongest aspect for the defendant, that, in order to protect the right of homestead, the doctrine of estoppel would be held not to apply, and the defendant himself would no more be restrained from impeaching his own deed (which would be, as a rule, considered good *inter partes*) than he would be precluded by such conduct and language on his part as would, for any other purpose, be deemed an estoppel *in pais* against his claim to any right in the land. But in *Crummen* v. *Bennett,* and *Arnold* v. *Estis,* cited in the opinion on plaintiff's appeal, this Court held, that the bargainor in a fraudulent deed was not estopped by his deed to claim homestead in the land conveyed. In *Spear* v. *Reed,* the fraudulent grantor was held to be estopped, not by his deed, but by the record of the proceeding to allot the homestead. The same principle is announced in *White-*

*head* v. *Spivey*, at this term. It would, however, endanger, if not destroy, the security of the homestead to families, to concede, as a general rule, that the owner of the land, by his deed simply, could destroy the homestead by way of estoppel.

No error.                                              Affirmed.