### W. A. WHITEHEAD v. M. M. SPIVEY.

*Practice—In Supreme Court—Motion to Amend Case on Appeal—Homestead—Fraudulent Conveyance—Estoppel.*

1. A motion will not be entertained in the Supreme Court to allow an appellant to file a record of proceedings subsequent to the appeal, and independent of it, for the purpose of making a case here substantially different from the one tried in the Court below, nor will the case be remanded for a like purpose.

2. Where a judgment debtor has conveyed the tract of land on which he lived to a son, in fraud of creditors, and, after judgments were obtained and executions issued against him, other lands, valued at less than $1,000 by the appraisers, and not including that tract, were allotted to him as a homestead, and he made no exception thereto, he was *estopped* from claiming that the homestead should be extended to the land so fraudulently conveyed, and its sale under execution and Sheriff's deed would make a valid title in the purchaser.

This was an ACTION OF EJECTMENT, tried before *Philips, J.,* and a jury, at April Term, 1888, of the Superior Court of MOORE County.

The plaintiff introduced evidence tending to show that one J. B. Cole was the owner of the *locus in quo* in 1874. He then introduced a deed from said Cole to M. M. Spivey, dated September 16, 1874, conveying the *locus in quo* to him in fee. He then introduced evidence of a judgment in favor of W. A. Whitehead and T. H. McKay, partners, trading as W. A. Whitehead & Co., against said M. M. Spivey, for six hundred dollars ($600), rendered in this Court on August 12, 1878, and docketed August 19, 1878, upon two notes for three hundred dollars ($300) each, dated January 13, 1876, and due on the first day of April, 1876; and also of a judgment in favor of same plaintiffs and against same defendants and one D. M. Lemons, for one hundred and five dollars ($105) damages, rendered in this Court on August 4, 1879,

and docketed on August 20, 1879. That on each of said judgments an execution, returnable to the Spring Term, 1880, was issued to the Sheriff of Moore County, and that under them he caused the homestead and personal property exemptions of M. M. Spivey to be allotted on 16th day of December, 1879, the homestead being appraised at $766.

A copy of the homestead return is made a part thereof, together with the execution and return of the Sheriff thereon.

There was no evidence that said M. M. Spivey excepted to or appealed from the said allotment by the appraisers, or that he took any steps to have the allotment corrected or the deficiency made up.

The plaintiff further showed that executions issued upon said judgment, they being alive and not dormant, returnable to Fall Term, 1882, and that under those executions the Sheriff sold the *locus in quo* without further allotment of homestead, and that said W. A. Whitehead became the purchaser, and the Sheriff executed a deed to him, a copy of which is made a part of the complaint herein.

This testimony was admitted by the Court, after objection by defendants, for that it had already appeared in evidence of the plaintiff that only a partial homestead of $766 had been allotted under the former executions in the same cases, the Court reserving the question as to whether it should not be ruled out at a later stage of the trial.

The defendant then offered in evidence a deed from M. M. Spivey to Mack N. Spivey for the same land, dated June 10, 1877, and registered in Register's office of Moore County.

The plaintiff attacked said deed for fraud, and offered evidence tending to show that the said deed was made between near relatives, at night, in secret; that it was not registered for three and one half years; that there was no change of possession; that M. M. Spivey was insolvent; that the price was inadequate, and that, in fact, but a small portion of the price had been paid, and that the deed was dated

and signed on Sunday; that said Mack N. Spivey. had but little money with which to have purchased said land, and that there was no delivery of the deed by M. M. Spivey to Mack N. Spivey.

The defendant offered evidence tending to show that the land brought a fair price, and the money was paid, and that the date of the deed was a mistake, and that it was executed on Monday, June 11, 1877, instead of Sunday, and that the defendant had always resided in Moore County.

The Court instructed the jury as follows:

"The Sheriff's sale and deed under which the plaintiff claims are inoperative and void as against the defendants, because, upon the proofs introduced by plaintiff, it appears that no full homestead has ever been allotted to defendant in execution, but only a partial homestead, valued by the appraisers at $766, both executions having been issued by the plaintiff in the same case, and the plaintiff being the purchaser under both"; and directed the jury to find the first issue in favor of the defendant.

To all of which the plaintiff excepted. Verdict for defendant. Motion for new trial on account of error in Judge's charge, and error in his directing the jury to find in favor of the defendant.

Motion denied. Judgment for defendant, from which plaintiff appealed to Supreme Court.

In this Court the appellant suggested, upon affidavit, that since the appeal was taken the homestead has been revalued, and is laid off to the defendant; that the land has been resold, and the plaintiff has repurchased it, taking the Sheriff's deed therefor; and he asked to be allowed to file the return of the homestead proceedings and have benefit thereof in and of his appeal; if that cannot be allowed, that the case be remanded, to the end he can have benefit of the same in the Court below.

*Messrs. J. W. Hinsdale, W. E. Murchison* and *J. C. Black,* for the plaintiff.

*Mr. R. P. Buxton,* for the defendant.

MERRIMON, J. (on the motion above stated, in this Court). The motion must be denied. The appellant seeks to help his cause of action and his case, in this Court, by introducing here, summarily, substantially a new cause of action, one that has arisen since this action began, and since this appeal was taken. The defendant has had no opportunity to contest its application or bearing in this action. Indeed, the effect of allowing the motion as to this Court, might, probably would be, to recast the action in material respects, and allow the plaintiff to assign new grounds of error as to rulings never made in the Court below. This could not be thought of for a moment. Nor will the Court remand the case for the purpose mentioned.

In the Court below it would appear that the case had been tried upon its merits, as presented by the pleadings, and the plaintiff could not avail himself of the new cause of action, and one too, arising after the action began, and since the trial therein. The Court would not allow a new and distinct cause of action ·to be introduced into the action, and especially, one that has arisen since the action began. This would be subversive of settled methods of procedure, and tend to confusion.

This application is very different from the case of *Holley* v. *Holley,* 96 N. C., 229. In that case it appeared that the very matter in question by the appeal had been settled and disposed of in another action, and the pendency of the latter action was pleaded. The purpose of remanding the case was to allow the adjudication of the very matter in controversy to be made to appear, and thus prevent the readjudication of the same matter.

Motion denied.

AVERY, J. (on the merits of the appeal).   We think that his Honor erred, when he told the jury that the Sheriff's deed for the land in controversy was inoperative, and did not vest the title in the plaintiff, because the two other tracts allotted to the defendant as a homestead were valued by the appraisers in the aggregate at only seven hundred and sixty-six dollars.

In the case of *Spoon* v. *Reid,* 78 N. C., 244, the facts were, that the plaintiff owned a tract of land, on which he lived, and two other tracts.   He allowed his homestead to be allotted in the two tracts, and conveyed his home place to his daughter to defraud creditors.

The transcript in that case shows, also (what does not appear in the reported case), that the two tracts allotted were valued in the aggregate at only five hundred dollars. In delivering the opinion of the Court, Justice READE says : " Without affecting the conclusion at which we have arrived, it may be conceded, that he had never conveyed his home place in fraud nor at all, but that he owned it, and lived upon it at the time of the levy and sale, and yet he could not recover, for when the allotment was made to him in the other two tracts by the Sheriff's appraisers, and he took no exceptions thereto, and no appeal therefrom, and disclaimed title to the home place, and claimed no homestead therein, he assented to and was bound by the allotment, and the same is an estoppel of record against him."   The principle is sustained, too, by *Burton* v. *Spiers,* 87 N. C., 87.

It would be unreasonable, and productive of endless cheating, to concede to the debtor the power, after a fraudulent alienation of the most valuable portion of his land and the selection of two small tracts, worth less than one thousand dollars, to be allotted by the appraisers, to change his plans, when the fraud is exposed, and get, as against his creditors, all the advantage he would have had if he had, in the exer-

cise of his right, selected his homestead in the tract he attempted to convey.

The statement of the proposition shows that the law, if so construed, would encourage such efforts to defeat creditors, because the debtor would take the chance of success without incurring the least risk of paying any penalty in case of exposure.

But the report of the appraisers, being admitted to be in regular form, operates to estop the defendant from claiming any additional allotment in this Court, whether the deed to his son was valid or void. If it was not a fraudulent conveyance, of course the plaintiff could not recover.

As the defendant cannot, by reason of the estoppel, claim that any portion of the land in controversy shall be added to his homestead, we find it unnecessary to follow counsel in mere speculations as to whether land, acquired after an allotment like this, could be added to make up the full value of one thousand dollars, and, if so, whether it would be done only on the petition of, or at the request of, the owner. We must meet the numerous questions presenting new phases of homestead litigation, and decide them, when they are properly raised.

The Judge ought to have allowed the jury to determine whether the deed executed by the defendant to his son was fraudulent and void, and should have instructed them, if they found it was executed to hinder, delay and defeat creditors, to find the first issue for the plaintiff.

There was error, for which a new trial will be awarded.

Error.                              *Venire de novo.*