SAMUEL BLOSSOM v. J. H. WESTBROOK.

*Action to foreclose Mortgage—Mortgage—Non-Joinder of wife—Judgment.*

In an action to foreclose a mortgage on land given by the husband, in which his wife did not join, to gain time for and to secure the payment of a judgment against the husband, it was not error to give judgment for the debt only and refuse an order for the sale of the land.

This was a CIVIL ACTION, tried before His Honor, *Boykin*, *J.*, and a jury, at Fall Term, 1894, of PENDER Superior Court.

The plaintiff brought suit to foreclose a mortgage made to him by the defendant to secure the debt mentioned, which mortgage is in these words:

"I, Joseph H. Westbrook, of the county of Pender and State of North Carolina, am indebted to Samuel Blossom, of New Hanover County, in the sum of Fifty-Five Dollars, with interest thereon at 8 per cent. from the 1st day of February, 1886, due by Judgment of Superior Court, rendered at March Term, 1887, and the further sum of Eleven and 81-100 Dollars, cost of said action, as doth fully appear from the judgment roll of Pender county, and whereas, execution has been issued upon said judgment, and I desire indulgence of time till the first day of January, 1888, for the payment of said judgment, which is agreed to by said. Blossom, upon giving additional security.

"Now, therefore, in order to obtain the extension of time for the payment of said judgment until the first day of January, 1888, and in order to secure the payment of said judgment and costs on the first day of January, 1888, I do hereby convey unto him my Grist Mill, including Rocks and Fixtures, and Steam Engine used in running my said Mill and Cotton Gin, run by same engine, all of which is situate on my premises at Rocky Point, in said county of Pender.

"To have and to hold the said property unto said Blossom, his executors, administrators and assigns, forever. But on this special trust, that if I shall well and truly pay the said judgment and cost, with interest on the same, at 8 per cent., on or before the first day of January, 1888, then this conveyance to be void.

"But if I shall fail to pay the said judgment, cost and

interest by the 1st day of January, 1888, then it shall be lawful for the said Blossom and his assigns to enter in and take possession of said property, and after advertising the same for twenty days at three public places in said county, to sell the same at public auction for cash, and out of the proceeds of sale to pay said judgment, cost and interest, and all costs of making said sale, including five per cent. commission on sale, and to pay any surplus to me.

" Witness my hand and seal, this the 15th day of June, 1887.

   (Signed)        J. H. WESTBROOK.    (Seal.)"

" Witness:

" J. T. BLAND."

Upon the trial it was found that the property described in the mortgage was fixtures attached to the freehold, also that the defendant at the time of the execution of the mortgage, was a married man.

The court submitted the following issues to the jury :

" 1. Has the debt sued for been paid ?"

" 2. Has the plaintiff's cause of action been heretofore determined ?"

To both of which issues the jury responded "No."

The plaintiff tendered to the Court a judgment directing the recovery of the sum due and ordering a sale of the property.

The court refused to sign the judgment so tendered and gave judgment for the debt only. From the refusal of his Honor to give a judgment ordering the sale of the property, the plaintiff appealed.

*Mr. A. D. Ward*, for plaintiff (appellant).

No counsel, *contra*.

MONTGOMERY, J. : In *Hughes* v. *Hodges*, 102 N. C.,

262, this Court held that the husband alone might make a conveyance of his lands by way of mortgage free from all homestead rights unless one or more of three conditions named in that case existed.  One of those conditions was that there must be " an unsatisfied judgment, or judgments, that constituted a lien upon the land when conveyed and upon which execution might still issue and make it necessary to have his homestead allotted."  In the case before us it appears that at the time of the execution of. the mortgage by the defendant he was a married man and that his wife did not join him in its execution; and also that at that time there was a judgment against him procured at the March Term, 1887, of Pender Superior Court, in favor of the plaintiff upon which execution had already been issued.  The plaintiff's counsel in his argument before this Court laid great stress on the case of *Hughes* v. *Hodges* and on the silence of the record as to whether or not the judgment had been *docketed.*  This is " sticking in the bark."  The Court, in *Hughes* v. *Hodges,* had in mind more the question as to whether there might be a necessity to allot a debtor his homestead under execution, than whether the judgment against him was docketed or simply filed away in the judgment roll.  The execution in this case, whether issued upon the judgment roll or upon the entry of it upon the judgment docket, was in the sheriff's hands and he was compelled to proceed under it, and first of all to allot the debtor his homestead, and this meets substantially the ruling in *Hughes* v. *Hodges.*  The mortgage on its face shows that the defendant was unable to pay off the execution, and he made it to get time and for the purpose of securing the *payment* of said judgment and costs on the first day of January, 1888.  If the real estate of the defendant was worth the judgment debt over and above the homestead, why was any additional security

required in the way of the mortgage, seeing that the plaintiff had a judgment, either docketed or which he could have had docketed any minute at no other expense and trouble than the costs attendant upon the execution of the mortgage?

The Judge below gave judgment simply for the debt, and refused to make an order for foreclosure, in which there is no error, and the judgment is affirmed.

Affirmed.