## W. E. SPRINGER & Co. v. D. F. COLWELL.

*Homestead, Assignment of—Lands in Different Counties—Judgment Debtor—Cancellation of Deed.*

1. Where a judgment debtor has lands allotted to him as a homestead exemption of less value than $1,000, in the county of his residence (being all of his lands therein) and causes a transcript of the allotment to be recorded in and delivered to the Sheriff of another county where he has lands, it is the duty of such Sheriff, upon the receipt of an execution against the debtor, to assign to the latter a quantity of said lands sufficient in value, when added to the value of the lands allotted in the county of the debtor's residence, to make up the full exemption of $1,000, and this is so notwithstanding no exceptions were filed by the debtor to the allotment made and recorded in the county of his residence. (*Whitehead* v. *Spivey*, 103 N. C., 66, cited and distinguished.)

2. In such case, a sale by the Sheriff without assigning the homestead, is void and the deed made thereunder will be cancelled on motion in the cause.

MOTION to set aside a sale and cancel a deed, heard

before *Hoke, J.*, at Fall Term, 1894, of SAMPSON Superior Court.

The plaintiffs and the defendant, D. F. Colwell, agreed upon the following as the facts upon which the motion to set aside the sale mentioned in the notice and the cancellation and setting aside of the deed mentioned in said notice depend:

"1. That judgment was duly rendered in favor of the plaintiffs and against the defendant at the May Term, 1894, of said County, for the debt and costs set out in the execution, which is hereinafter made a part of this statement, a transcript of which said judgment was duly docketed on the docket of the Superior Court of Duplin County, on the_____day of May, 1894.

"2. That on the 13th day of June, 1894, an execution was duly issued on said judgment to the Sheriff of Sampson County, under which was assigned to the defendant, D. F. Colwell, as a real estate exemption, land to the value of $625, including the lands whereon the said defendant resided at the time, as appears from the return of the appraisers, which was filed in the office of the Clerk of the Superior Court of Sampson County, on the 19th day of June, 1894, and duly recorded according to law.

"3. That on the 29th day of June, 1894, execution was duly issued to the Sheriff of Duplin County, which was received by him on the 2d day of July, 1894, with the following endorsement thereon, to-wit:

"Homestead returns filed in my office June 19, 1894.
          "J. S. BIZZELL, C. S. C."

"4. That about the 20th day of July, 1894, before the sale under said execution, the defendant D. F. Colwell, through his attorney J. L. Stewart, caused a transcript of said homestead returns to be filed with the Clerk of the Superior Court of the County of Duplin, and had the last-mentioned Clerk to deliver a copy to James G. Kenan,

SPRINGER *v.* COLWELL.

Sheriff of the County of Duplin, and demanded of him that he assign to the said defendant, out of the lands in controversy which are situated in Duplin County and occupied by the tenant of said defendant, a quantity of said land sufficient in value to make up, with the $625 worth assigned in Sampson County, $1,000 worth, which the said Sheriff declined to do, and on the contrary, without assigning any additional lands to make the said balance of $375, sold, on the 7th day of August, 1894, the said land to the said plaintiffs in said execution for the sum of $100, and made deed therefor to the said plaintiffs, which said deed is duly registered in the office of the Register of Deeds of Duplin County, in Book 51, pages 23 and 24, and which said deed is dated August 7, 1894, and was probated and registered on August 29, 1894; that the land therein mentioned belonged to the defendant D. F. Colwell prior to the 1st day of May, 1894.

"5. That no exceptions were filed to the said homestead returns and none to the assignment of homestead, excepting those hereinbefore mentioned. That said returns, giving the said defendant land to the value of $625, are duly registered in the office of the Register of Deeds of Sampson County.

"6. That the defendant D. F. Colwell, with his wife and children, was and now is a resident of said County of Sampson, and the debt upon which said judgment was rendered was contracted about the year 1891."

Upon these facts his Honor granted the motion to cancel and set aside the deed, and plaintiffs appealed.

*Mr. A. D. Ward*, for plaintiffs (appellants).

No counsel, *contra.*

MONTGOMERY, J.: Except for sale for taxes and for payment of obligations for the purchase of the premises, every homestead owned and occupied by any resident of this State

and not exceeding the value of one thousand dollars shall be exempt from sale under execution or other final process obtained on any debt. Art. X, Sec. 2, of the Constitution.

Section 519 of *The Code* provides that if the judgment debtor entitled to homestead shall be dissatisfied with the valuation and allotment of the appraisers, he, within ten days thereafter and before sale under execution of the excess, may notify the adverse party and the Sheriff having the execution in hand, and "file with the clerk of the Superior Court of the county where the said allotment shall be made a transcript of the return of the appraisers; and thereupon the said clerk shall put the same on the civil issue docket of said Superior Court for trial at the next term thereof as other civil actions." It was decided by this Court in the case of *Whitehead* v. *Spivey*, 103 N. C., 66, that an allotment of homestead to the debtor of lands of value less than one thousand dollars, regular in form and unobjected to within the time allowed by law, was an estoppel of the debtor from claiming any additional allotment in other lands which he had at the time of the allotment. That opinion followed in the line of *Burton* v. *Spiers*, 87 N. C., 87, and *Spoon* v. *Reid*, 78 N. C., 244. In all of these cases, however, the several judgment debtors at the time of the allotment owned no lands outside of the counties in which they resided. In the case before us the defendant owned land in Sampson county, where he resided, valued by the appraisers at $625, and he also owned other land in Duplin county.

Now the question is, does the law applied to the facts in *Whitehead* v. *Spivey* fit the facts of the present case? We do not think that it does. Neither the Sheriff nor the appraisers had the right to go out of Sampson into Duplin county to allot to the defendant any part of his homestead in lands situated in the latter county, and they gave him

*all* the real estate he owned in Sampson county. What then did he have to object to, except to the over-valuation of the land, about which he made no question? Then, too, what would the objection have amounted to if he had made it? Suppose he had objected that the Sheriff and appraisers did not go into Duplin and allot to him the balance of his homestead in lands belonging to him in that county, would not the objection have been a vain thing, seeing that they had no power to do so?

But, there is another view which is conclusive of the matter. If the defendant, as the plaintiff contends, was required to make some sort of exception or statement and give notice of it to the adverse party and to the sheriff to the effect that he had other lands in Duplin county which he wished to have allotted to him to complete his homestead, and the clerk of the superior court had put the same on the civil docket of the superior court for trial at the next term, the defendant would have been met by the objection of wrong *venue.* Section 190 of *The Code* declares that actions for the recovery of real property, or of any estate or interest in them, *or for the determination in any form of such right or interest,* and for injuries to real property, must be tried in the county where the real estate is situated. The defendant, it seems, took the precaution to have a copy of the homestead proceedings, under the certificate and seal of the clerk of the superior court of Sampson, filed with the clerk of the superior court of Duplin, and had also a copy served on the sheriff of the last named county, before he made the sale, accompanying the service of the paper on the sheriff with the request to have allotted to him enough of his lands in Duplin county to make up the full amount of his homestead.

There is no error in the judgment of the court below and the same is affirmed.                         Affirmed.