NANCY McGOWAN v. WILLIAM McGOWAN.

(Decided March 22, 1898.)

*Homestead—Right of Debtor to Select—Allotment—Exceptions—Practice.*

1. An allotment of a homestead exemption is illegal where the debtor is not given the opportunity to be present and make his selection.

2. Where a judgment debtor excepted to the allotment of a homestead by appraisers upon the ground, which was not denied, that they gave him no opportunity to be present and make his selection, it was error to dismiss such exceptions, though he disclaimed having title to the land which, in making such exceptions, he asked to have allotted to him as a homestead.

MOTION TO DISMISS exception of defendant to the report of appraisers in the allotment of his homestead under execution heard before *Timberlake, J.*, at De-

cember Term, 1897, of PITT Superior Court.   The exceptions were as follows:

NANCY L. McGOWAN ) Objection by judgment debtor
          vs.          }        to homestead.
W.  K.  McGOWAN. )

"W. K. McGowan, the judgment debtor in the above entitled action for his objections to the valuation and allotment of the appraisers, John F. Boyd, B. J. Wilson and J. A. Thigpen made on the 9th of October, 1897, of his homestead exemptions, alleges:

"1. That he files herewith a transcript of said return, which he has caused to be made from the original in the hands of the sheriff of Pitt county.

"2. That said appraisers did not, as required by Section 503 of *The Code*, proceed after being sworn to value the homestead with its dwellings and buildings thereon selected by the debtor.

"3. That said appraisers gave the undersigned no opportunity to select his homestead after being appointed by the sheriff.

"4: That he was not notified by the sheriff or by the said commissioners that they had been selected as the persons to appraise his homestead exemptions, nor was he notified by the sheriff or by either of said appraisers of any time or place of meeting for that purpose, and as a matter of fact he had no knowledge of any such meeting.

"5. That said appraisers of their own motion proceeded to make the selection of a homestead exemption for the undersigned without calling on him to make such selections, and in doing so they did not select a tract or parcel of land including the home or dwelling house of the undersigned.   On the contrary, they se-

lected a tract of land and appraised it as his homestead on which the undersigned has never lived. The tract or parcel of land selected by the appraisers as the homestead of the undersigned was sold and conveyed by deed for value to L. A. McGowan on the 25th day of November, 1887, and that she has been in the sole possession, use and occupation of said lands ever since. That the undersigned has no interest whatever in said tract of land, and he therefore objects to having his homestead exemptions set apart to him on lands which he has not owned or occupied for the last ten years. That since the purchase of said lands the said L. A. McGowan has improved said lands, and that without said improvements the said tract of land at the present low valuation of land is not worth $1000.00.

"7. That while he disclaims owning any lands, he alleges, on information and belief, that the plaintiff will seek to show that he is the owner of certain lands conveyed by him to L. A. McGowan since the institution of her action, and that it is the purpose of the sheriff, under instructions from plaintiff's counsel, to levy upon said lands and sell them as the property of the undersigned. While he alleges that said sales were *bona fide* and for value, still, if it is the purpose of the plaintiff to treat said lands as the property of the undersigned, he demands that his homestead exemptions shall be laid off on these."

W. K. McGOWAN.

The grounds upon which plaintiff moved to dismiss are set out in the opinion.

His Honor granted the motion and defendant appealed.

*Messrs. Swift Galloway* and *James E. Moore* for plaintiff.

*Messrs. Bond & Fleming* and *Jarvis & Blow* for dedefendant (appellant).

CLARK, J.: The defendant's exceptions to the homestead allotment are somewhat calculated to confuse. He avers

(1) That the appraisers did not value the homestead, with its dwellings and buildings, selected by him; that they gave him no opportunity to make the selection; that he had no notice of their appointment or time and place of meeting; and that they did not select a parcel or tract of land including his dwelling house, but allotted to him a tract which he had conveyed to L. A. McGowan years ago and in which he had no interest; that it is not in his possession, and that exclusive of improvements put on it by the purchaser, it is not worth $1,000, but he says further

(2) That while he disclaims ownership of the lands conveyed by him to L. A. McGowan, which he avers was done *bona fide* and for value, he is informed that the plaintiff will levy upon and sell said lands as the defendant's property, and he demands that his homestead be laid off therein; and he says also that he owns no land whatever.

The plaintiff agreed that the exceptions of the defendant should be read as evidence. There was no evidence in reply and the allegations of fact are to be taken as true. It is not very clear, but it is a reasonable inference that the lands conveyed by the defendant to L. A. McGowan are more extensive than the tract which is allotted to him as a homestead. It is strange that a

debtor should insist upon an allotment of a homestead in lands which he says do not belong to him, but the Constitution, Article X, Section 2, gives him the right to make the selection, and *The Code*, Section 503, provides that the appraisers shall lay off "such portion as he may select." As it appears that this was not done, and that the petitioner was given no opportunity to select, it was error to dismiss the exceptions. They should have been sustained and the matter remanded to the appraisers that they might give the defendant such opportunity.

The plaintiff relied on (1) That the exceptions did not comply with Chapter 347, Acts 1885, in that they failed to specify the property in which the re-allotment should be made. This would be true if the allotment had been regularly made, but the defendant's exception is that no legal allotment had been made because he was not given opportunity to be present and make his selection. (2) That the defendant having disclaimed owning any land at all he is estopped to object to the action of the appraisers. On the contrary, while he avers that he has conveyed away the lands *bona fide*, he demands that he be laid off a homestead therein and that he have his right allowed to select its location.

While it looks strange that the defendant should seek a homestead in property which he says is not his, he seems mindful of the fact that a jury may differ with him as to the *bona fides* of his conveyance, and he is taking no risks. *Whitehead* v. *Spivey*, 103 N. C., 66. On the other hand, if, as he says, the plaintiff will seek to set aside the conveyance as fraudulent and subject the land to her judgment as the property of the defendant, it does not lie in the plaintiff's mouth to object to the defendant having his homestead legally laid off

therein.   If it should prove to be the defendant's property, he would be entitled to have his homestead therein, (*Crummen* v. *Bennet*, 68 N. C., 494), and would be estopped (*Marshburn* v. *Lashlie*, at this term; *Whitehead* v. *Spivey, supra,*) by a homestead laid off therein. There should be opportunity, therefore, given him to select it.

Error.