*SMITH v. WOODING.

(Filed 28 November, 1917.)

**Discovery—Examination Before Trial—Aid in Pleading.**

> The plaintiff in an action for injuries by alleged neglect of a physician may, under Revisal 1905, sec. 866, providing that an examination of a

---

*Omitted by inadvertence from former Report.

defendant may be had at any time before the trial, have an examination of defendant to aid him in filing his complaint, where he alleges that he knows the facts generally and substantially, but that defendant has the precise knowledge necessary for proper proceedings.

APPEAL from *Webb, J.* MECKLENBURG. Action by W. M. Smith, administrator of G. C. Hahn, against Charles Edwin Wooding. From an order for examination of defendant before trial, he appeals. Affirmed.

This action was brought to recover damages for injuries to plaintiff's intestate, alleged to have resulted from the negligence of the defendant in the use and application of the X-ray in treating the intestate, which so burned the patient as to cause his death. Plaintiff moved before the clerk of the court for an order requiring the defendant to be examined before a commissioner, in order that plaintiff may obtain such knowledge and information as is necessary for him to have in order to prepare his complaint and make proper and sufficient allegations therein of his cause of action; such knowledge and information being in the possession of the defendant. An order was entered for such examination, and a commission issued to Fred M. Parrish, Esq., of Winston-Salem, N. C., to take the examination, and for that purpose that defendant appear before him at such time and place as he may appoint. The order was based upon an affidavit filed by the plaintiff, setting forth generally the nature of the action, and alleging that there are certain facts stated therein which are peculiarly within the knowledge of the defendant, and which are necessary to be known by the plaintiff in order that he may frame his complaint, and that he cannot obtain the facts from any other source. The defendant excepted to the order of the clerk, and appealed to the Superior Court. The judge dismissed the appeal, the defendant then appealed to this Court, and assigned these errors:

"1. That the court erred in holding that the statute was sufficient to require the examination of the defendant for the purpose of obtaining information upon which to file the complaint and in dismissing the appeal of defendant from the order of the clerk.

"2. In dismissing the appeal, for that the affidavit shows on its face that plaintiff had information sufficient to file his complaint."

*F. M. Shannonhouse, W. S. Beam and Manly, Hendren & Womble for appellant.*
*E. T. Cansler and T. A. Adams for appellee.*

WALKER, J., after stating the facts as above: The first assignment of error, we suppose, is intended to raise the question whether a party to an action as, for instance, the defendant in this case, may be examined

under the statute (Rev., secs. 864, 873) for the purpose of enabling the other party to file his pleading, or whether the provision of the statute is confined in its operation to evidence merely to be used or not at the trial, and to be taken after the pleadings are filed, or at least after the complaint has been filed, showing what is the cause of action. Section 866 of the Revisal provides that the examination "may be had at any time before the trial," and this court has held that these words, construed in connection with what precedes and follows them, authorize an examination of a party for the purpose of aiding him in filing his complaint. We refer to *Holt v. Warehouse Co.,* 116 N. C., 486, where the court discusses the question quite at length. The defendants in that case, and the parties designated for the examination, raised the point that it would require of them disclosures as to the act of fraud charged in the affidavit of the plaintiff, but the Court rejected this objection and said:

"Very cogent reasons must be shown this Court before it will conclude that such a right does not belong to the plaintiff. The plaintiff has commenced a civil action in the Superior Court of Alamance against the defendant for the purpose of setting aside an alleged pretended transfer by the defendant corporation. . . . To enable him to draw his complaint with greater certainty, the plaintiff desires to examine Neil Ellington, E. T. Garset, and J. W. Lindau, stockholders and directors of the company, under sections 580 and 581 of The Code. He has as much right to examine them before the trial as at the trial, and they are subject to the same rules of examination as prevail in the examination of witnesses on the trial of actions before the courts, and they are compelled to answer all pertinent and material questions put to them except such as the Constitution and laws relieve them from answering. We know of no such exemption, except a man may not be compelled to give evidence against himself, which is found in Art. I, sec. 2, of the Constitution, which section, by judicial construction, has been extended to witnesses in civil actions. *Fertilizer Co. v. Taylor,* 112 N. C., 141. It makes no difference whether the answer will result in pecuniary injury to the witnesses or not; they must answer the questions as they would be required to do before the courts."

The Court, therefore, affirmed the orders for the examination made by Judge Green, upon writs of *certiorari,* and also held that they were not appealable, citing for this ruling *Helms v. Green,* 105 N. C., 251; Am. St., 893; *Vann v. Lawrence,* 111 N. C., 32, and *Fertilizer Co. v. Taylor,* 112 N. C., 141; to which we add *Pender v. Mallett,* 122 N. C., 164, and *S. c.,* 123 N. C., 60. In the last case, *Pender v. Mallett,* 123 N. C., 60, the Court said that:

"Under Code, sec. 581, the defendant may be examined before plead-

ings filed to procure information in framing the complaint, as was the case in *Holt v. Warehouse Co.,* 116 N. C., 480, where it is held that an appeal from such order for an examination is premature and will be dismissed or the defendant may be examined, after the answer is filed, to procure evidence in the cause," citing *Helms v. Green, supra,* and *Vann v. Lawrence, supra.*

In *Bailey v. Matthews,* 156 N. C., 81, and *Fields v. Coleman,* 160 N. C., 11, the applications for the examinations were denied, and this Court affirmed the judgments upon other grounds, and the question as to the right to examine before the pleading is filed, for the purpose of aiding in preparing it, was not directly presented. We find that in *Blossom v. Ludington,* 32 Wis., 212, the Court, when construing a statute, substantially if not literally the same as ours, has held that the examination may be ordered before the pleading is filed. The Court then said:

"The practice in regard to the examination of a party in a case like the one before us does not seem to be regulated by statute nor by any general rule of Court. It is enacted that no action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed, but that a party to an action may be examined as a witness at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled to give testimony in the action in the same manner and subject to the same rules of examination as any other witness. Sec. 54, ch. 137, R. S. This provision was obviously adopted for the purpose of abolishing the bill of discovery and to provide a substitute therefor. By section 55 it is enacted that the examination provided for in the previous section may be had, either on the trial of the action or at any time before trial, at the option of the party claiming it, before a judge of the court, or county judge, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless for good cause shown the judge order otherwise. . . . In this case the order for the examination was made upon the affidavit and complaint, and was designed to aid the plaintiff in determining whether any amendment to the complaint was necessary."

The court held that the examination should proceed so that plaintiff might acquire information necessary to amend his complaint, but that the right to examine was not an absolute and unrestricted one, and then said, if it were so:

"It is plain this statute may become the means of the greatest abuse and oppression. For an unscrupulous party has but to commence his action and then insist upon the examination of the adverse party for the purpose of discovery, and compel the disclosure of matters wholly

impertinent to his case, and in which he has no interest, merely to gratify his malice or curiosity. And so much injustice might be done by such an unrestricted, roving examination of a party that we have earnestly endeavored to so interpret the statute as to secure the object of its enactment and at the same time give the court in which the action is pending some power to restrict the examination within proper limits."

It was said in *Simmons v. Vanderbilt,* 59 How. Prac. (N. Y.), 411, that:

"When a proper case has been made for it, a party has an undoubted right to examine his adversary to enable him to prepare his pleadings."

Referring to the form and substance of the affidavit upon which the application was based, it further said:

"The plaintiff's affidavit is entirely defective. It states no fact whatever except that the defendant admitted 'the receipt of the money sued for.' The relations between the parties are undisclosed. The plaintiff gives us no insight into his real position; no clue to the averment that the moneys were received 'for his use.' Something should at least have transpired to justify the bringing of the suit and the framing of a general averment. So far the court should have been taken into the plaintiff's confidence. As it is, this affidavit is entirely blind. It seems studiously to avoid a frank disclosure of what induced the plaintiff to proceed. The order was therefore very properly vacated. It would be intolerable were parties to be subjected to inquisitorial examinations upon such papers."

We refer to these cases merely to show the clear and decided trend of judicial opinion in regard to the nature of this kind of proceeding, and not because they are directly applicable to this case, for they are not in all respects. Here the plaintiff has alleged sufficiently that while he has general information of the matter, it is not specific enough for a full and accurate preparation of his complaint, and that the facts essential for this purpose are within the knowledge of the defendant alone. The application appears to be perfectly fair and *bona fide,* and not made for the purpose of vexing or harassing the defendant, or from any ulterior motive, or from any other motive than that of protecting his rights. There is reason why he has no knowledge or information of the facts which is that the person who was treated at the defendant's hospital, or who was under his care as a surgeon, has since died and his evidence, therefore, is not available. The case is more like that of *Howe v. Learey,* 62 Hun., 241; 16 N. Y. Supp., 736, where it was said by the Court:

"The rigid rule, that if a party do not actually know the facts which make the defense, no order to examine can be granted, would render the section of the case in question of little practical use. The section

should have a broader scope. Where facts and circumstances are shown which justify an examination of a party so that a pleading may be framed for the trial of the issue, the order should be granted."

See, also, *Frothinghan v. R. R.,* 9 Civ. Proc. (N. Y.), 304; *Farmer v. Nat. L. Assn.,* 73 Hun, 523; 26 N. Y. Supp., 126.

As the court dismissed the appeal from the clerk, we. merely affirm that order with the same result, of course, here

Affirmed.