UNION GUANO COMPANY v. MIDDLESEX SUPPLY COMPANY.

(Filed 13 April, 1921.)

**1. Judgment by Default—Excusable Neglect.**

Judgment by default for the want of an answer will not be set aside for excusable neglect, when it was regularly entered at the preceding term of the court, and it appears that the moving party, after endeavoring to compromise, promised to send at once the amount sued for, failed to do so, and his attorney had been notified before the commencement of the term at which the judgment was entered that this course would be taken. C. S., 600.

**2. Courts—Pleadings—County Courts—Statutes.**

The provisions of C. S., 476, 505, 509, as to filing pleadings before the clerk of the Superior Court, was to expedite the trial of causes, and has no application to the county court of Forsyth, where, owing to the large volume of business on account of the size and importance of its principal city, the terms of court occur monthly, or oftener.

**3. Same—Repealing Statutes.**

The provisions of a special local act creating a county court, relating to the filing of pleadings, etc., are not repealed by the general statute. C. S., 8106.

**4. Courts— County Courts— Jurisdiction— Process— Superior Courts— Statutes.**

Sec. 9, ch. 520, Public-Local Laws 1915, creating the county court of Forsyth, providing that process of the county court, while exercising concurrent jurisdiction with justices' courts, shall not run outside of the county, "but in all other cases its process shall run as process issuing out of the Superior Court," merely authorizes service, in such other cases, to run outside of the county to the same extent as authorized for service issuing out of the Superior Court.

APPEAL by the defendant from *Finley, J.,* at April Term, 1920, of FORSYTH.

This was a motion to set aside a judgment entered at March Term, 1920, of the county court of Forsyth. The action was begun 4 February, 1920, and the summons was served 9 February, returnable to the February term of said court, which convened 23 February. The complaint, duly verified, was filed 4 February, and on 12 February, three days after service of the summons, the president of the defendant company came to Winston for the purpose of making compromise with the officials of the plaintiff company, but his offer of 50 per cent not being accepted, he wrote a letter which appears in the record, and was received by the plaintiff on 20 February, three days before the court convened, in which he agreed to send a check for the full amount on his return home. The following day the defendant's counsel wrote the plaintiff's counsel a letter, which was received on the day court met, and in reply the plaintiff's counsel notified the defendant that if the answer was not filed during the term, judgment by default on the verified complaint would be demanded. The answer was not filed, and the court did not extend the time to file the answer. On the last day of the term, and just before the adjournment of the court, judgment by default final, as appears in the record, was signed. The defendant, at the next term of said court, moved to set aside the judgment upon two grounds:

1. For excusable neglect under C. S., 600. The court held that there was no evidence of excusable neglect.

2. Upon the ground that Laws 1919, chs. 156, 277, and 304, C. S., 476, applied to the county court of Forsyth, and that the summons in this case not having been made returnable in accordance with said statutes, the judgment based thereon was void. Judge Starbuck refused the motion on this ground, also. On appeal to the Superior Court, this judgment was affirmed, and the defendant appealed to this Court.

*Swink, Korner & Hutchins for plaintiff.*
*Hasting & Whicher and E. F. Cullom for defendant.*

CLARK, C. J. It was properly held that there was no evidence to justify setting aside the judgment on the ground of excusable neglect. The only question presented is on the second ground as to the service of the summons.

C. S., 476, requiring the summons to be served within 20 days upon its face applies only to summonses "signed by the clerk of the Superior Court having jurisdiction to try the action." The county court of Forsyth was created by Public-Local Laws 1915, ch. 520.

The county of Forsyth was and is in the Eleventh Judicial District, one of the largest in the State, and the judges presiding in that district are assigned 48 weeks of court out of the 52. Forsyth is one of the most populous counties in the State, having in it the largest city in the State, and is allowed only 19 weeks in the Superior Court. The pressure of business was so serious, and it appears that the dockets had become so congested, that a litigant was fortunate to have his cause tried under three or four years. At the instance of the bar and the people of that county, the Forsyth County Court was created in 1915, with exclusive jurisdiction in contract and tort up to $1,000, except that it is concurrent with the justice of the peace to the limit of their jurisdiction. Since that time the jurisdiction of the court in contract and tort has been extended to $2,000. Sec. 4 provides for a term of that court once every month, and oftener if the judge shall find it necessary to convene an extra term. Sec. 7 provides, "That all actions shall be commenced in said court by summons, running in the name of the State, and issued by the clerk of said court returnable to the first term after service: *Provided,* the service shall be had ten days from such term." In sec. 9 it is provided that process of the court, while exercising jurisdiction which is concurrent with that of the justice of the peace, shall not run outside of Forsyth County," but, "In all other cases its process shall run as process issuing out of the Superior Court," which evidently merely authorizes service, in such cases, outside the county.

The defendant's contention is that the words, "In other cases its process shall run as process issuing out of the Superior Court," means that the subsequent act of 1919, now C. S., 476, restoring the former system of civil procedure by which summonses in the Superior Court were again made returnable before the clerk, applies also to the county court of Forsyth, especially because sec. 11 of the act creating this court authorizes rules of practice, and sec. 17 provides that, "The procedure of the Forsyth County Court, except that hereinbefore provided, shall follow the rules and principles laid down in the chapter on Civil Pro-

cedure in the Revisal  .  .  .  in so far as the same may be adapted to the needs and requirements of the said Forsyth County Court."

The public-local act creating the county court of Forsyth provides that its process shall be made returnable to the terms of the court and the restoration of the procedure in the Superior Court to conform to the original code of procedure, by which process in the Superior Court is made returnable before the clerk, by its terms has no reference to any other process except summonses signed by the clerk of the Superior Court. The statute, ch. 304, Laws 1919 (now C. S., 476), provides: "The summons in all civil actions in the *Superior Court* shall be made returnable before the clerk at a date named therein." Besides, C. S., 8106, especially provides: "The Consolidated Statutes shall not have the effect to repeal any public-local statute, any public statute which affects only a particular locality," etc.

Nor is there anything in the history of the legislation restoring the original provisions of the code of civil procedure as to the service of summons which requires its application to any summons other than those in the Superior Court. *Campbell v. Campbell,* 179 N. C., at p. 416. Many people in this State were very much involved pecuniarily as one of the results of the great Civil War, and instead of expediting, at that time, the decision of litigation there was a general desire to delay judgments in civil cases, and consequently what is known as the "Batchelor Act" was passed by which summonses were made returnable to the terms of the court. This continued until the congestion of business in the Superior Courts became so serious that the "Crisp Act" of 1919, now C. S., 476, 505, 509, etc., was enacted restoring the original procedure by which summons in the Superior Court was made returnable before the clerk in order to expedite business.

There is nothing in the language of that statute which extends it beyond the Superior Court, and in addition to C. S., 8106, prohibiting the provisions of the Consolidated Statutes being held to repeal public-local statutes, the mischief to be remedied does not justify such extension by judicial construction unless clearly expressed.

As county courts of Forsyth are held 12 times a year and oftener, the summons in those courts are served much more promptly and business is greatly expedited by the procedure there in force. Consequently, there was no delay which required expediting the return of process as in the Superior Court, and indeed the application of that statute to the county court of Forsyth, instead of expediting would retard and delay in many instances the procedure in that court.

The experience of the bar and the people with the county court of Forsyth, operating in one of the most populous counties, including, as it does, the largest city in the State, under its efficient and able presiding

officer has been so satisfactory that no amendment has been asked in the statute creating that court, and there has been no legislation which requires the application of the general statute in regard to service of processes in the Superior Court to the county court of Forsyth.

We therefore think that the judgment of that court was properly affirmed on appeal by Judge Finley in holding that the service of process in this case was regularly made, and that there was no ground upon which the judgment by default could be set aside as irregular.

Affirmed.