VIRGINIA-CAROLINA CHEMICAL CO. v. F. H. TURNER ET AL., TRADING AS FARMERS' SUPPLY CO.

(Filed 12 November, 1925.)

**1. Courts—Jurisdiction—Constitutional Law—Statutes.**

A court created by statute may not pass upon the constitutionality of the statute of its creation; and the jurisdiction being derivative, the Superior Court may not do so on appeal therefrom, or thus have the matter determined in the Supreme Court upon further appeal.

**2. Courts—Statutes—Process—County Courts.**

Where a county court is created by a legislative enactment, declaring that its process shall run as process issuing out of the Superior Court, which was by reading the summons to the defendant, an exception by

CHEMICAL CO. *v.* TURNER.

defendant to the legality of such service for failure to leave a copy with him is untenable. The provisions of ch. 520, Public Laws of 1915, amended by ch. 92, Public Laws, Extra Session, 1921, are not applicable in such instances.

APPEAL by defendant from FORSYTH Superior Court. *Finley, J.*

Motion by the named defendant to set aside a judgment of the Forsyth County Court. From a judgment of the Superior Court, affirming the judgment of the Forsyth County Court, denying defendant's motion and rendering judgment against the defendant and his surety on his supersedeas bond, the named defendant appealed. Affirmed.

The facts found by the Forsyth County Court are as follows:

"That summons was issued out of this court on 31 October, 1923, against the defendant, F. H. Turner, returnable to a term of this court commencing the 11th Monday after the first Monday in September, 1923, it being the 19th day of November, 1923, and that summons was served upon the defendant, F. H. Turner, on 5 November, 1923, by reading the said summons to the said defendant; that the plaintiff filed a duly verified complaint against this defendant and others on 14 November, 1923, setting forth a cause of action and demanding judgment in the sum of $1,782.36, with interest thereon from 1 May, 1923; that the defendant, F. H. Turner, has failed to answer or otherwise plead; that judgment was entered by this court on Monday, 11 May, 1925, against the defendant, F. H. Turner, for the sum of $1,782.36, with interest thereon from 1 May, 1923; that the said defendant did not file before time for answering expired, and has never filed a motion to remove this cause for trial to the Superior Court of Ashe County; that the said defendant was at the time of the commencement of this action, and now is, a resident of Ashe County, and that said summons was issued out of this court under the seal of this court to Ashe County, where the same was served by the sheriff of Ashe County by reading the summons to this defendant; that no defendant named in said summons was a resident of Forsyth County; that the plaintiff is a corporation, organized under the laws of the State of New Jersey, with a principal place of business in Winston-Salem, North Carolina."

*Swink, Clement & Hutchins for plaintiff.*
*W. R. Bauguess for defendant.*

VARSER, J. The first attack on the validity of the default judgment against F. H. Turner is that chapter 520, Public-Local Laws, creating the Forsyth County Court, is unconstitutional, and, therefore, the court itself is a nullity.

This motion to declare itself out of existence was addressed to the Forsyth County Court. This presents an anomalous situation. A court,

as such, is asked to declare that it has no legal existence. This cannot be done. The court would first have to decide that it is a court in order to entertain the motion. Then, when the motion is considered, having already determined that it was a court, it would pass again on its own existence; and if the motion is allowed, it would then undo itself and pass out of existence by virtue of its own ruling. Its ruling would be invalid if the act creating it is unconstitutional and the decision would not be, in any sense, judicial.

*Ex nihilo nihil fit* is still a maxim that knows no exception. This self-evident maxim was first applied in this State by *Associate Justice Henderson* in *Beard v. Cameron*, 7 N. C., 181, and followed in *S. v. Hall*, 142 N. C., 710; *S. v. Wood*, 175 N. C., 815; *S. v. Simmerson*, 177 N. C., 546. The only case that seems to militate against this position is *S. v. Shuford*, 128 N. C., 588. This case has not been followed, and has only been cited twice: *St. George v. Hardie*, 147 N. C., 88, and *S. v. Wood, supra*. In each of these citations it was distinguished. The decision is plainly correct as a substantive proposition, but as to the power of the court to entertain the motion, it is not approved.

The jurisdiction of the Superior Court of Forsyth County is derivative in appeals from the county court; therefore, the question of the constitutionality of chapter 520, Public-Local Laws 1915, was not properly presented to the Superior Court of Forsyth, nor to this Court.

Courts never anticipate a question of constitutional law before the necessity of deciding it arises. They never formulate a rule broader than required by the precise facts presented. The admitted power of the courts to determine the constitutionality of acts of the Legislature will never exert itself unless clearly necessary. *Person v. Doughton*, 186 N. C., 723, 725; *Liverpool Steamship Co. v. Commissioners of Emigration*, 113 U. S., 39, 28 L. Ed., 900; *Comrs. v. State Treasurer*, 174 N. C., 148; *Mass. v. Mellon*, S. C. R., 597.

This act creating a special court with full provisions for a jury and the docketing of its judgments in the Superior Court of Forsyth County, and a system of appeals to the Superior Court, is contained in Public-Local Laws 1915, ch. 520; Public-Local Laws 1921, ch. 517; Public Laws 1923, ch. 150, and in two acts of the 1925 General Assembly designated as S. B. 186, H. B. 119, and S. B. 1094, H. B. 1299. This court is functioning adequately and satisfactorily to the people of Forsyth County.

The defendant contends that the summons was not legally served in that it was "read" and no copy thereof was delivered to him by the sheriff of Ashe County. This makes proper service of summons issuing out of Forsyth County Court. When ch. 520, Public-Local Laws

1915 was enacted (6 March, 1915), the service of summons within the contemplation of section 7, thereof, was "by reading." Revisal, 439. The change of the manner of service of summons issuing from the Superior Court from "reading" to "delivering a copy" was effected by Public Laws, Extra Session, 1921, ch. 92, and expressly limited the change to "all civil actions in the Superior Court." Public Laws 1923, ch. 216, does not apply to the "Forsyth County Court" because, by its very terms, this act applies only to courts established under its provisions.

The service of summons *in Ashe County,* by the sheriff of Ashe County, is not invalid, for chapter 520, Public-Local Laws 1920, sec. 9, expressly declares that the process of the Forsyth County Court "shall run as process issuing out of the Superior Court," *i.e.,* anywhere in the State.

The service was proper and the county court had jurisdiction. *Piano Co. v. Newell,* 177 N. C., 533; *Guano Co. v. Supply Co.,* 181 N. C., 210. If the defendant was not willing for the trial to take place in the "County Court" in Forsyth County, it was his duty to move for a removal to Ashe County. *Piano Co. v. Newell, supra.*

It was a question of venue only, and not a question of jurisdiction, and the motion to set aside a judgment will not avail the defendant.

This disposes of the grounds assigned to support the defendant's motion.

The judgment appealed from is
Affirmed.