SAM SUDDERTH ET AL. v. FRANCES A. SIMPSON ET AL.

(Filed 29 March, 1944.)

**Bill of Discovery §§ 3, 8: Appeal and Error § 37b—**

Upon verified application for examination of an adverse party, under G. S., 1-569-570, the affidavit complying with the requirements of the statutes, an appeal from an order granting the application is premature and will be dismissed.

APPEAL by defendants from *Rousseau, J.*, at September Term, 1943, of CATAWBA.

Civil action pending in the Superior Court of Catawba County.

The plaintiffs, desiring to elicit information upon which to draft complaint, filed motion and affidavit under G. S., 1-569-570 (C. S., 900-901), setting out that from 7 January, 1937, to 9 April, 1943, defendant Simpson held a certain house and lot in trust for the use and benefit of plaintiffs; "that prior thereto and during said period, plaintiffs regularly paid to defendant, Frances A. Simpson, substantial sums of money" which she agreed to apply on certain loans procured from building and loan associations, first "by plaintiffs in their own names" and later by said defendant for their use and benefit; that on 9 April, 1943, without notice to or consent of plaintiffs, defendants Simpson conveyed legal title to said house and lot to defendants Waggoner, and that defendants refuse to advise plaintiffs the consideration for such transfer, in spite of plaintiffs' requests that they be so advised, although defendant Mrs. Simpson

has stated defendants Waggoner hold the property subject to the terms of the trust; that on or about 9 April, 1943, when she conveyed the property to defendants Waggoner, the *feme* defendant Simpson procured from plaintiffs, who are uneducated persons and who kept no other records, all of the receipts she had given them from time to time for money paid by them to her to be applied upon the loans, for the stated purpose of checking them against her books of account, and thereafter refused to return the receipts to plaintiff, "notwithstanding repeated demands made upon her to do so"; that plaintiffs have no record of their transactions had with the *feme* defendant Simpson, other than said receipts, and are therefore unable to advise their counsel as to the status of the trust account, and that their application for an order to examine the defendants is made in good faith.

In the order allowing the motion, the court finds "that the plaintiffs have a cause of action against the defendants, the nature of which is made sufficiently to appear; that information material to the issues involved is peculiarly and solely within the knowledge and possession of the defendants, and is by them withheld from the plaintiffs; that without such information plaintiffs are unable to frame their complaint herein, and that plaintiffs' application for examination of the defendants is made in good faith and not for the purpose of harassing the defendants."

The defendants Simpson except to the order and finding, and appeal.

*C. W. Bagby and John W. Aiken for plaintiffs, appellees.*

*Theodore F. Cummings and D. M. McComb, Jr., for defendants, appellants.*

Stacy, C. J. The question for determination is the sufficiency of the affidavit to support the order of examination.

It is conceded that as a condition precedent to an order for examination under G. S., 1-569-570, the verified application should disclose: (1) The nature of the cause of action; (2) that the information sought is material and necessary, and not otherwise accessible to the applicant; and (3) that the application is meritorious and made in good faith. *Washington v. Bus, Inc.,* 219 N. C., 856, 15 S. E. (2d), 372; *Knight v. Little,* 217 N. C., 681, 9 S. E. (2d), 377.

Here, it appears from the facts sets out in the affidavit, that plaintiffs are entitled to an accounting of trust funds; that the information sought is essential and not otherwise accessible, and that the application is meritorious and made in good faith. This would seem to meet the requirements of the statute. *Smith v. Wooding,* 177 N. C., 546, 94 S. E., 404.

Moreover, it would seem that no harm could come to the defendants in requiring them to disclose matters in connection with their trusteeship.

This circumstance distinguishes the present case from those cited and relied upon by defendants.

The appeal will be dismissed on authority of *Abbitt v. Gregory,* 196 N. C., 9, 144 S. E., 297; *Monroe v. Holder,* 182 N. C., 79, 108 S. E., 359; *Ward v. Martin,* 175 N. C., 287, 95 S. E., 621.

Appeal dismissed.